504 P.2d 534

**STATE of Arizona, Appellee,**

v.

**William Herbert HALL, Appellant.**

**No. 1 CA–CR 364.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 28, 1972.

Rehearing Denied Jan. 25, 1973.

Review Denied March 6, 1973.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler and Ronald L. Crismon, Asst. Attys. Gen., Phoenix, for appellee.

Herbert B. Finn, Galen H. Wilkes, Phoenix, for appellant.

HAIRE, Chief Judge, Division 1.

Appellant William Herbert Hall has appealed his convictions on two counts of receiving stolen property and the concurrent sentences of three to four years which he received. Appellant's counsel has raised twenty-five issues on appeal. For the reasons stated below we affirm.

Appellant was charged with buying stolen hubcaps for resale at his store. His first conviction on three counts of receiving stolen property was reversed on appeal because of the possible prejudicial effects of the admission into evidence of the preliminary hearing testimony of a witness not present at the trial. The record did not show that the prosecution had made a good-faith effort to obtain the presence of the witness. State v. Hall, 12 Ariz.App. 147, 468 P.2d 598 (1970). This is an appeal from Hall's subsequent conviction and sentence upon retrial.

■ At the second trial various witnesses testified that they had sold stolen hubcaps to appellant and that he was aware that the hubcaps were stolen. A police officer also testified as to a spontaneous statement made by appellant which indicated that he was aware that the hubcaps were stolen. Appellant challenges the admissibility of that statement on appeal. However, that issue was resolved against appellant on his first appeal and we view that decision as the law of this case. We are also of the opinion that the question of the admissibility of the testimony of a prosecution witness concerning sales of stolen hubcaps to the appellant which were not the subject of the charges filed, was resolved against appellant on his first appeal.

■ We will group certain of appellant's remaining twenty-three assignments of error together for the sake of brevity and clarity. Appellant challenges the sentence given to him by the trial court. The trial court is granted broad discretion in sentencing, and absent an abuse of that discretion we will not disturb its action on appeal. State v. Sayre, 108 Ariz. 14, 492 P.2d 393 (1972). Appellant's sentence was within the statutory maximum and we find no facts indicating an abuse of discretion, see A.R.S. § 13–1645.

■ The dividing line between regarding receiving stolen property as a misdemeanor or as a felony was changed from $50 or more to $100 or more in 1969. *See* A.R.S. § 13–621. The sale of hubcaps to appellant occurred in 1967, but appellant contends that the new limit should apply to him. A.R.S. § 1–244 provides "No statute is retroactive unless expressly declared therein." There was testimony that appellant paid $50 and $88 for stolen hubcaps. The trial court correctly instructed the jury that they were to determine whether the crime, if committed, was a felony or misdemeanor using the $50 limit. There is factual support for the jury's conclusion that a felony was committed.

■ Appellant objects to the admission at the second trial of the testimony from the first trial of a witness who was not available for the second trial. The trial court admitted the testimony only after conducting a separate hearing and determining that a good-faith effort had been made to obtain the presence of the witness.

We find no abuse of discretion by the trial court in admitting the testimony. *Cf.* California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); State v. Dixon, 107 Ariz. 415, 489 P.2d 225 (1971).

Appellant next complains of the prejudicial effect of a newspaper article published about two months before his trial. Three jurors admitted that they had read and that they remembered the article, but stated that they had not formed an opinion of the guilt or innocence of the appellant. Under these circumstances the trial court did not abuse its discretion in failing to strike the three jurors for cause. Rule 220, Rules of Criminal Procedure, 17 A.R.S.; State v. Schmid, 107 Ariz. 191, 484 P.2d 187 (1971). Nor did the trial court abuse its discretion in denying appellant's motions for a continuance and for a change of venue because of the publicity. State v. Schmid, *supra.*

Appellant objects to the prosecutor's reference in his closing argument to the prior sales of hubcaps not covered in the charges against appellant. There was no objection by appellant at trial on this point and in any event it was harmless error under Art. 6, § 27 of the Arizona Constitution, A.R.S. State v. Maloney, 105 Ariz. 348, 464 P.2d 793 (1970).

Appellant contends that the trial court erred in failing to order the state to produce the names of probationers whom the appellant felt were trying to entrap him. "A defendant who wishes to avail himself of a defense of entrapment must admit the substantial elements of the crime." State v. McKinney, 108 Ariz. 436, 501 P.2d 378 (1972). The trial court did not err because the appellant was not relying upon an entrapment defense. In addition, there was no evidence, beyond appellant's assertion, that there were any incidents of attempted entrapment.

Appellant argues that he should have been allowed to pursue his attempted examination as to the relationship between his chief competitor and the investigating police officer. It would, of course, be immaterial to the appellant's case if this competitor was also involved in illegal behavior but was not prosecuted. Lustiger v. United States, 386 F.2d 132 (9th Cir. 1967). Appellant had an opportunity to present testimony of the possible benefit to his competitor of his conviction. The record does not indicate that the trial court abused its discretion in refusing to allow the appellant to go further.

Appellant objects to the fact that the trial court allowed the testimony from the first trial of a witness who refreshed his recollection from one of appellant's written records even though he could not read or write English. It is irrelevant that the witness could neither read nor write—in this case he could recognize his signature and certain numbers. All that is necessary is that it appears that the writing or object serves to revive the independent recollection of the witness. Udall, Arizona Law of Evidence, § 44 at 63 (1960); Kinsey v. State, 49 Ariz. 201, 65 P.2d 1141 (1937).

A prosecution witness testified on cross-examination that he had lied before on occasion. The trial court sustained objections to appellant's argumentative questions concerning the definition of a lie. We find no abuse of discretion. Udall, Arizona Law of Evidence, § 45 at 68 (1960).

Appellant urges that certain pawn shop records should not have been allowed into evidence. The records are required to be maintained by law and were therefore admissible under Rule 44(a), Rules of Civil Procedure, 16 A.R.S. Udall, Arizona Law of Evidence, § 153 at 299–300 (1960). Phoenix, Ariz., City Code, Licenses, Art. I § 19–11 (1971).

Appellant maintains that no foundation was laid for the introduction of the testimony of a witness who stated that he was present when stolen hubcaps were sold to the defendant. The testimony was prior recorded testimony from the first trial. The transcript of the first trial, which was

properly read into the record at the second trial (see discussion, *supra*), indicates that the witness was present when the hubcaps were stolen and when they were sold and that a sufficient foundation was laid.

■ Appellant argues that the testimony of a police officer as to appellant's reputation for truth and veracity was based on his own opinion and therefore inadmissible. The record indicates that the officer's testimony was based upon conversations with other officers who worked in appellant's neighborhood as well as people who lived in the neighborhood, victims of thefts who went to the appellant's store to claim stolen property, and suspects who were involved in the thefts and sales to the appellant. In our opinion the trial court did not abuse its discretion in allowing the testimony to be admitted. *See* Udall, Arizona Law of Evidence, § 66 at 100–101 (1960); McCormick, Law of Evidence, § 44 at 94–96 (1954).

Appellant suggests that it was a violation of his Constitutional rights for the prosecuting attorney in his final argument to state that the appellant had to take the stand. The exchange went as follows:

> "This isn't a contest between Mr. Van Baalen and myself. *I don't call Mr. Hall a liar. He had to take the stand and deny it. He had no other choice.*
>
> "MR. VAN BAALEN: I will object and ask His Honor to instruct the jury to disregard counsel's last remark.
>
> "THE COURT: That is not a correct statement. He didn't have to take the stand if he didn't want to." (Emphasis added.)

Appellant relies upon Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), for the proposition that any comment on the fact that a defendant does not take the stand is a violation of his Fifth Amendment rights. We do not believe that the Griffin rule goes that far.

■ We agree that the prosecutor should not have commented upon whether or not the appellant had to take the stand.

However, it is apparent from the record that the prosecutor was commenting on the appellant's credibility, not his failure to take the stand, since *the appellant did take the stand and deny his guilt.* If there was any error committed in this case, it was harmless, because 1) the appellant did take the stand; 2) the trial court immediately instructed the jury that the prosecutor's statement was incorrect; and 3) the amount of evidence against the appellant indicates that there was not a reasonable possibility that the prosecutor's statement might have contributed to the appellant's conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Art. 6, § 27, Arizona Constitution.

■ Appellant contends that the trial court erred in not directing a verdict for acquittal because there was no evidence that the appellant intended to deprive the hubcap owners of their possession. From an examination of the record we conclude that there was sufficient evidence that the appellant acted for his own gain in buying the hubcaps and that he knew the hubcaps were stolen. That is all that A.R.S. § 13–621 requires:

> "A. *A person who, for his own gain,* or to prevent the owner from again possessing the property, *buys,* conceals or receives *personal property, knowing or having reason to believe that the property is stolen, is guilty* of a misdemeanor, if the value of the property bought, concealed or received is less than one hundred dollars, and is guilty of a felony if the value of the property bought, concealed or received is one hundred dollars or more." (Emphasis added).

■ Appellant maintains that certain jury instructions should have been given. The subject matter of each of appellant's proposed instructions was covered by other instructions given by the trial court. We find no error. See State v. Riley, 106 Ariz. 318, 475 P.2d 932 (1970).

■ Appellant argues that it was a violation of due process to allow one witness who eventually testified in the case to read

**598**

the statements made by two other witnesses before he was asked to make a statement. Appellant cites no authority for his position. Appellant was able to raise this point in cross-examining the witness to impeach his credibility. The appellant's rights were adequately protected under the circumstances.

■■■ Appellant maintains that the trial court should have granted his motion for a new trial because there was no transcript made of a hearing on a motion to suppress. The hearing was held before the second trial to determine the voluntariness of certain statements made by the appellant. After the trial, and after the time for filing a motion for a new trial had run, the appellant discovered that there was no reporter's transcript for a portion of the voluntariness hearing. Appellant promptly filed a motion for a new trial. The only ground upon which a trial court may grant a new trial, after the time for making such motions has passed, is because of newly discovered evidence. *See* Rules 308 and 310, Arizona Rules of Criminal Procedure, 17 A.R.S. The trial court denied appellant's motion after conducting a full hearing. There is substantial evidence in the record to support the trial court's conclusion that no new evidence was discovered and that the appellant's defense was not materially prejudiced by his lack of a transcript for that portion of the hearing. The trial court is vested with discretion in such a situation and in this case it did not abuse its power. *See* State v. Turner, 104 Ariz. 469, 455 P.2d 443 (1969).

■■■ Appellant contends that the following remark by the prosecutor was a comment upon the evidence in violation of Art. 6, § 27 of the Arizona Constitution:

"Thank you, your Honor. Ladies and gentlemen of the jury, at this time pursuant to a ruling by his Honor, Judge Hardy, we are going to read you a transcript of Mr. Ulysses Grant Way."

We do not agree. Art. 6, § 27 of the Arizona Constitution, deals with comments made by a judge and not an attorney and, therefore, would be inapplicable in any event.

Finally, appellant argues that the cumulative effect of all of the previously mentioned "errors" precludes a finding that any were harmless. Suffice it to say that it is our opinion that, considering all of the evidence and circumstances involved, the judgment of the trial court should be affirmed.

EUBANK and JACOBSON, JJ., concur.