526 P.2d 1244

The STATE of Arizona, Appellee,

v.

Vernon Jodie WILLIAMS, Appellant.

No. 2848.

Supreme Court of Arizona,
In Division.

Oct. 3, 1974.

Gary K. Nelson, former Atty. Gen., N. Warner Lee, Atty. Gen., by Stanley L. Patchell and Michael C. Anderson, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Charles J. Babbitt and Lindsay

Brew, Asst. Public Defenders, Tucson, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of kidnap for rape. § 13–492(A) A.R.S. of 1956. The appellant-prisoner was given 20 years of probation with the condition that he serve 6 months in jail.

The issues presented in this case are as follows:

1. Does § 13–492(A) A.R.S. include the crime of kidnap for rape?

2. Does the 1973 version of § 13–492(A) A.R.S. operate retroactively to a case on appeal?

3. Under the facts of the instant case, did the crime of kidnap for rape merge with the crime of armed rape?

The facts necessary for a determination of this case are as follows. The rape victim came alone to Mr. Williams' home to solicit a subscription to *Watchtowers*, a religious periodical. Once she was inside the house, Williams forced her at gunpoint into the adjoining bedroom whereupon he proceeded to have forcible sexual intercourse with her. He then threatened her with blackmail if she revealed what had occurred. However, after release from captivity she went to the home of her in-laws and told them of her experience, and then summoned the police.

Defendant was indicted for Count I, kidnap for rape, § 13–492(A) A.R.S.; Count II, rape while armed, §§ 13–611 and 13–614 A.R.S.; and Count III, lewd and lascivious acts, § 13–652 A.R.S.

* * * He was tried and convicted on all three counts. Imposition of sentence was suspended for twenty years for the kidnap for rape conviction with the condition that he serve six months in the Pima County Jail; imposition of sentence was also suspended for five years for armed rape and five years for lewd and lascivious acts.

Defendant filed a notice of appeal from the judgment without specifying which of the three convictions from which he was appealing. The brief of the defendant, however, indicates that he questions only the conviction of guilt for kidnap for rape. We have, nevertheless, reviewed the record relative to all three counts for fundamental error as required by § 13–1715 A.R.S. and find none. We consider in this opinion only those items raised by defendant in his brief concerning the kidnap for rape conviction.

KIDNAP FOR RAPE

The defendant while admitting prior Arizona cases appear to the contrary contends that § 13–492(A) A.R.S. does not apply to the facts in this case. At the time of the act § 13–492 A.R.S. was the general rape statute. Titled "Kidnaping for extortion, robbery, ransom, rape, sodomy, lewd or lascivious acts; punishment" § 13–492 A.R.S. reads as follows:

"A. A person, except in the case of a minor by the parent, who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains such individual for ransom, reward *or otherwise,* or to commit extortion or robbery, or to exact from relatives of such person or from any other person any money or valuable thing, or a person who aids or abets any such conduct, is guilty of a felony." (Emphasis added)

Paragraph B of § 13–492 A.R.S. covers kidnapping of a minor under 14 for the purposes of rape, sodomy or lewd or lascivious acts.

Defendant contends that the words "or otherwise" are not specific enough to cover a kidnapping for rape as opposed to kidnapping for ransom or reward. It is Williams' argument that "or otherwise" should be read as *ejusdem generis* and interpreted to mean some form of reward or pecuniary gain. Defendant also contends

that the presence of Paragraph B in § 13–492 A.R.S. relating to kidnapping of a person under the age of 14 strengthens his argument that Paragraph A is limited to kidnapping for ransom, reward or some other form of pecuniary gain. While we admit the argument has merit, we disagree. We have held in previous cases, as defendant candidly admits, that Paragraph A of § 13–492 A.R.S. is broad enough to cover kidnapping for rape. State v. Taylor, 82 Ariz. 289, 312 P.2d 162 (1957); State v. Jacobs, 93 Ariz. 336, 380 P.2d 998 (1963).

Defendant further contends, however, that the statute as written and interpreted by this court is "a statute which forbids * * * an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application." Citing Connally v. General Const. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1925). We disagree. We believe that the statute is clear enough to put the defendant on notice that kidnapping for rape is a crime in addition to the general kidnapping statute.

### RETROACTIVITY

The defendant committed the crimes in December of 1972. In 1973, however, §§ 13–491 and 13–492 A.R.S. were amended. The state legislature in 1973 altered the phrase " * * * detains such individual for ransom, reward *or otherwise,* * * * " to read " * * * detains any individual for ransom, reward *or other pecuniary benefit,* * * *." Defendant contends that he should have the benefit of the new statutory language. We disagree.

Section 1–244 A.R.S. states that "no statute is retroactive unless expressly declared therein." We have stated that retrospective laws are not favored, State v. Martin, 59 Ariz. 438, 130 P.2d 48 (1942), and our Court of Appeals has stated:

"The dividing line between regarding receiving stolen property as a misdemeanor or as a felony was changed from $50 or more to $100 or more in 1969. *See* A.

R.S. § 13–621. The sale of hubcaps to appellant occurred in 1967, but appellant contends that the new limit should apply to him. A.R.S. § 1–244 provides 'No statute is retroactive unless expressly declared therein.' There was testimony that appellant paid $50 and $88 for stolen hubcaps. The trial court correctly instructed the jury that they were to determine whether the crime, if committed, was a felony or misdemeanor using the $50 limit. * * * * " State v. Hall, 18 Ariz.App. 593, 595, 504 P.2d 534, 536 (1973). See also, Merchants Despatch Trans. Corp. v. Arizona State Tax Commission, 20 Ariz.App. 276, 512 P.2d 39 (1973).

### MERGER

Defendant argues that the crime of kidnap merges into rape. We disagree. Arizona's "double punishment" statute reads as follows:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other." § 13–1641 A.R.S.

We have stated that in order to determine whether or not there was merger one must remove the elements of one charge and see if there were sufficint facts left to support the other charge. State v. Mitchell, 106 Ariz, 492, 478 P.2d 517 (1970).

In the situation at hand the kidnap preceded the rape and was complete before the rape. That the victim was forced to move from one room to another in defendant's house, a small distance of asportation as opposed to being forced to move miles away, is not a dispositive fact. The essence of kidnap is not the distance the victim is transported but the unlawful compulsion against the will to go somewhere. State v. Burchett, 107 Ariz. 185, 484 P.2d 181 (1971); State v. Padilla, 106 Ariz. 230,

474 P.2d 821 (1970); State v. Jacobs, supra.

 Likewise, the essence of kidnap for rape under the statute in effect at the time is the asportation with intent to rape or holding with the intent to rape, and while the fact of the rape is itself good evidence of the defendant's intentions, the actual rape in itself is not a necessary element of the crime of kidnap for rape. It is the intention that is controlling. We hold, therefore, that a person may be guilty of both kidnap for rape and rape or, as here, armed rape.

Williams argues that many violent crimes, of necessity, involve a technical kidnap which was never thought of by the criminal. That defendants are often not charged does not make the statute less applicable under proper circumstances. It is entirely possible to commit a crime of violence without adding kidnap to it. As we observed in State v. Soders, 106 Ariz. 79, 471 P.2d 275 (1970), it is conceivable to rob a person where he stands rather than first asporting him and then robbing him.

Judgments affirmed.

HAYS, C. J., and HOLOHAN, J., concur.