563 P.2d 300
**The STATE of Arizona, Appellee,**

v.

**Ralph G. RABON, Appellant.**

**No. 2 CA–CR 866.**

Court of Appeals of Arizona,
Division 2.

Jan. 5, 1977.

Rehearing Denied Feb. 28, 1977.

Review Denied April 26, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Slutes, Browning, Zlaket & Sakrison, P.C. by Thomas D. Welch, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was convicted by a jury of three counts of kidnapping with intent to commit robbery, two counts of armed robbery, two counts of assault with a deadly weapon, four counts of armed robbery and one count of attempt to commit armed robbery. He was sentenced to concurrent terms in the Arizona State Prison.

The facts show that on April 19, 1975, appellant entered a U–Totem Market at 5680 S. Campbell Avenue, Tucson, Arizona, fired a shot from a .22 rifle and ordered the store clerk and two customers to lie down behind the counter. Appellant told the store clerk to give him the money from the cash register and then ordered the two customers who were lying on the floor to give him their money. After receiving the money, he ordered the store clerk and customers into a candy room which was approximately six feet from the cash register and told them to close the door. The clerk and the two customers stayed in the candy room about five or ten minutes at which time they opened the door of the room and exited, finding that appellant had departed from the premises.

Appellant first contends that under A.R.S. § 13–492 there was insufficient asportation and confinement to support a conviction of kidnapping for robbery.

A.R.S. § 13–492(A) states:

"A person . . . who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains any individual . . . to commit . . . robbery . . . is guilty of a felony."

Appellant contends that the ordering of the three individuals into a room approximately six feet from their previous position does not provide the asportation necessary for a conviction of kidnapping for robbery. Although recognizing the decision of our Supreme Court in *State v. Williams,* 111 Ariz. 222, 526 P.2d 1244 (1974), appellant contends that we should not follow it because the asportation here occurred subsequent to the actual robbery whereas in *Williams* the asportation occurred prior to the robbery. Thus appellant reasons that in the case at bench there was no kidnapping with the intent to commit robbery since the robbery had already been committed. In addition, he asks us to follow the decision of the California Supreme Court in *People v. Daniels,* 71 Cal.2d 1119, 80 Cal. Rptr. 897, 459 P.2d 225 (1969), wherein the Court overruled previous California decisions and held that brief movements of victims which are incidental to the commission of a robbery and which do not substantially increase the risk of harm to the victims over and above that necessarily present in the crime of robbery itself do not constitute the offense of kidnapping for the purpose of robbery.

In *State v. Padilla,* 106 Ariz. 230, 474 P.2d 821 (1970), our Supreme Court rejected the reasoning of *People v. Daniels,* supra, holding that the essence of kidnapping is not the distance the victim is transported, but the unlawful compulsion against the will to go somewhere. While a general trend of professional comment and analysis of kidnapping statutes such as ours is against reading the kidnapping statutes to include acts which are integral to other crimes and are not essentially kidnapping, see e. g. Note, A Rationale of the Law of Kidnapping (1953) Colum.L.Rev. 540; Note, Judicial Construction of Kidnapping Statutes, 15 Albany L.Rev. 554 (1959); Note, Kidnapping and the Element of Asportation, 35 So.Cal.L.Rev. 212 (1962); and Note, 110 U.Pa.L.Rev. 293 (1961), we are bound by the decisions of our Supreme Court and hence are constrained to reject appellant's contention.

We are also unable to agree that the factual situation in *State v. Williams,* supra,

requires us to distinguish it from the facts of the case at bench. When appellant ordered the clerk and the two customers into the candy room, he did so in order to carry out the robbery. The perpetration of a robbery is not complete at the moment the stolen property is in the possession of the robber. Robbery, a combination of the crime of assault with that of larceny, includes, as does larceny, the element of asportation, and this taking away is a transaction which continues as the perpetrator departs from the place where the property was seized. *People v. Raucho,* 8 Cal.App.2d 655, 47 P.2d 1108 (1935); *People v. Beghtel,* 164 Cal.App.2d 294, 330 P.2d 444 (1958).

 Appellant further contends that the crime of kidnapping for robbery is so intertwined with the crime of armed robbery that punishment for both crimes would be in violation of the double jeopardy clause of the United States and Arizona Constitutions and violative of A.R.S. § 13–1641. We do not agree. As the Court stated in *State v. Soders,* 106 Ariz. 79, 81, 471 P.2d 275, 277 (1970):

> "Kidnapping and robbery are two distincts crimes. To constitute kidnapping, it is not essential that any personal property be taken. On the other hand, robbery does not require asportation or confinement of the victim which is unnecessary for its commission. The elements of the two offenses are different. One may be committed without the other. . ."

Where crimes do not have identical components and their elements are different, they do not fall within the prohibition of A.R.S. § 13–1641.

The fact that we have characterized the robbery as essentially continuing until the robber leaves the premises with the property does not detract from the test laid down in *State v. Mitchell,* 106 Ariz. 492, 478 P.2d 517 (1970) where the Court stated that in order to determine whether or not there was a merger one must remove the elements of one charge and see if there are sufficient facts left to support the other charge. When appellant took the money

from the store clerk and customers at gunpoint, a robbery occurred and no other facts were necessary to convict for robbery. If we were to eliminate these facts, we are left with the facts that the victims were ordered, against their will, to go into the candy room. Thus under the *Mitchell* test there were sufficient facts left to support the charge of kidnapping with the intent to commit robbery.

Since appellant has presented no argument on the issue of double jeopardy we deem this contention to be abandoned.

Affirmed.

HATHAWAY and RICHMOND, JJ., concur.