589 P.2d 16

STATE of Arizona, Appellee,

v.

George PICKETT, Appellant.

No. 4384.

Supreme Court of Arizona, En Banc.

Dec. 28, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Bruce M. Ferg, Asst. Attys. Gen., Phoenix, for appellee.

Jerry N. Thomas, Flagstaff, for appellant.

HAYS, Justice.

This is an appeal by George Pickett from his conviction of two counts of forcible rape, one count of assault with intent to commit rape, two counts of lewd and lascivious acts, and three counts of kidnapping

with intent to rape. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5). We affirm.

We are faced with seven issues on appeal:

1. whether Pickett's motion to dismiss based on the failure of the county attorney to disclose witnesses was timely filed;

2. whether the trial court's refusal to give certain requested instructions was error;

3. whether A.R.S. § 13–492 gives adequate notice that kidnapping with intent to rape is a crime;

4. whether A.R.S. § 13–652 gives adequate notice of the conduct prohibited as lewd and lascivious;

5. whether there was sufficient evidence to support the second count of lewd and lascivious acts;

6. whether there was sufficient evidence to support the kidnapping counts; and

7. whether there was sufficient evidence to support a verdict of guilty on all counts.

## MOTION TO DISMISS

■ Pickett was arraigned on August 26, 1977 at which time he pled guilty to one count of rape in exchange for dismissal of the other seven counts. At this time he also stipulated in writing that the results of a polygraph test he had taken would be admissible at trial. Thereafter, he moved to withdraw his guilty plea, which motion the court granted on November 2.

On November 22, Pickett disclosed his defenses to the county attorney. On or about December 1, the county attorney placed in his file a list of witnesses to be called at the trial but did not notify Pickett of his action. On January 10, the county attorney sent Pickett a copy of the same list of witnesses. It contained the names of ten witnesses including those of the victims, the arresting and investigating officers, the examining doctor, and the polygraph examiner.

On January 16, one day before the day on which trial was set, Pickett moved to dismiss the case alleging that the prosecutor had failed to timely disclose the names of witnesses to be called and that as a result Pickett was unable to prepare adequately for trial. The court denied the motion, finding that none of the witnesses was a surprise to Pickett and that he was not prejudiced as a result of the late disclosure. Pickett did not ask for a continuance to prepare for the allegedly surprise witnesses but did ask for one based on another unrelated matter, which the court granted. The trial began on January 18.

We recognize at the outset that a motion to dismiss is a pretrial motion governed by Arizona Rules of Criminal Procedure, rule 16.1. Rule 16.1(b) requires that such motion be made no later than 20 days before the date set for trial. Rule 16.1(c) specifies that any pretrial motion not timely made will be precluded unless the basis therefor was not and could not have been known early enough to file a timely motion.

Pickett's guilty plea was withdrawn on November 2. Trial was set for January 16. Assuming, without deciding, that the county attorney's 10-day period for disclosure of witnesses pursuant to Arizona Rules of Criminal Procedure, rule 15.1, began on November 2, Pickett had about one and one-half months before the 20-day cut-off for pretrial motions in which to make his motion to dismiss. He knew that he was going to trial and that the state would be required to call certain witnesses to prove its case. He knew or should have known long before the 20-day deadline that no disclosure of witnesses had been made. Nevertheless, he made a motion to dismiss the day before trial, claiming that he was not prepared to defend against the witnesses listed by the state. We agree with the trial judge that waiting that long without preparing to defend against any witnesses was simply an improvident gamble on his part that the state would call no witnesses. Rule 16.1(c) precludes that type of gamble. Since the basis for the motion was or should have been known to Pickett before the cut-off date and since the motion was not timely

filed, we conclude that the motion is precluded by Rule 16.1(c).

■■ Even though this motion was untimely and was therefore properly denied for that reason alone, the trial judge could still have granted the motion or some other sanction if, in his discretion, he concluded that Pickett was so prejudiced by the nondisclosure that he was denied a fair trial. *See State v. Castaneda*, 111 Ariz. 264, 266, 528 P.2d 608, 610 (1974). The judge, however, found that Pickett was not prejudiced at all by the nondisclosure. We agree.

The witnesses called by the state were not or at least should not have been a surprise to Pickett. It was a rape case. The state called the victims themselves, the arresting and investigating officers, and the examining doctor.* Like the trial judge, we simply cannot believe Pickett was surprised by the calling of these witnesses. The state also called a polygraph examiner and Pickett claimed surprise. Again, we cannot believe his claim. Prior to trial Pickett had stipulated in writing that the results of the polygraph test would be admissible at trial. He had a copy of the test results and admitted on appeal that he knew they contained unfavorable evidence. He certainly must have recognized that the polygraph examiner was a likely witness since he was required to establish a foundation for the test results. We simply cannot believe Pickett was surprised. Even if Pickett were surprised, however unrealistic that contention appears to be, he could have asked the court for a continuance to prepare for these witnesses, but he failed to do so. We agree with the trial judge that Pickett was not prejudiced by the nondisclosure. The judge did not abuse his discretion by denying Pickett's motion to dismiss.

## JURY INSTRUCTIONS

Pickett claims that the trial court erred by refusing to give the jury certain requested instructions. We do not agree.

* The state also called a rape counsellor who testified at trial. However, she made only two significant statements: that rape is easy to charge but hard to prove; and that she saw the

■■ It is well established that in reviewing the refusal of the trial court to give an instruction, we will first look at the instructions given as a whole to determine whether or not the point was in fact covered by the court. *State v. Cookus,* 115 Ariz. 99, 563 P.2d 898 (1977). After a review of the instructions given by the court, we conclude that the requested instructions were covered. We find no error.

## NOTICE

■ Pickett next claims that A.R.S. § 13–492 does not give a person of average intelligence notice that kidnapping with intent to commit rape is a crime. This same argument was specifically rejected in *State v. Hunter,* 112 Ariz. 128, 539 P.2d 885 (1975), and in *State v. Williams,* 111 Ariz. 222, 526 P.2d 1244 (1974). In *Williams* we held that "the statute is clear enough to put the defendant on notice that kidnapping for rape is a crime in addition to the general kidnapping statute." *Id.* at 224, 526 P.2d at 1246. We find these cases controlling.

Pickett also argues that A.R.S. § 13–652 does not give adequate notice of what acts are prohibited as lewd and lascivious. The state alleged that Pickett had engaged in the prohibited act of fellatio. Pickett's attack is a simple one. Although he admits that the statute prohibits fellatio when done "in any unnatural manner" he argues that that phrase is unconstitutionally vague since it does not give him due process notice of the proscribed conduct.

■■ The basic rule in reviewing a statute for vagueness is to determine whether the offense is defined in terms that people of average intelligence can understand. *State v. Varela,* 120 Ariz. 596, 587 P.2d 1173 (1978). However, when a statute has been judicially applied to a set of facts, such application provides due process notice and precludes an attack on the basis of vagueness. *Wainwright v. Stone,* 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).

victims at the hospital after the alleged rape. Her testimony was so insignificant that even Pickett does not claim he was surprised or prejudiced thereby.

**146**

This court has repeatedly interpreted A.R.S. § 13-652 as prohibiting fellatio as a lewd and lascivious act. *See, e. g., State v. Bateman,* 113 Ariz. 107, 547 P.2d 6 (dealing with a lewd and lascivious act specified as fellatio only in the Court of Appeals decision), *cert. denied,* 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976); *State v. Hill,* 104 Ariz. 238, 450 P.2d 696 (1969); *State v. Phillips,* 102 Ariz. 377, 430 P.2d 139 (1967); *State v. Superior Court,* 78 Ariz. 367, 280 P.2d 691 (1955); *Faber v. State,* 62 Ariz. 16, 152 P.2d 671 (1944). Even though A.R.S. § 13–652 may not be a model of clarity, especially the phrase in question, Pickett was certainly on notice that fellatio had been repeatedly prosecuted as a felony under this statute and had been found to be a lewd and lascivious act on facts very similar to those in his case. *See State v. Hill, supra.* Due process requires no more.

## SUFFICIENCY OF EVIDENCE

Pickett alleges that his conviction on the second lewd and lascivious act count was not supported by the evidence. We disagree. The victim testified that Pickett had lifted up her blouse and unbuttoned her pants and had touched her with his hands and mouth. We think this testimony was more than adequate to sustain a conviction under A.R.S. § 13–652.

Pickett also argues that the victims in this case were not transported a sufficient distance to justify a kidnapping conviction. We disagree. Pickett drove his truck off the highway near the Grand Canyon and stopped. He told all three women that he wanted to have sex with them. When they refused, he began throwing their baggage out of his truck and told them he would leave them in the desert. There was testimony that he had previously told them they would die in just a few hours if left in the desert and that they were many miles from the nearest town. One of the women became frightened and tried to hit him. He pushed her to the ground and reached into his pocket. He had already threatened to kill them himself if they would not have sex with him. She thought he had a weapon so she backed off and agreed to have sex with him. The other two women were so frightened at this point that they did not expect to live. Hoping to appease him, one of them consented to his demands and although she resisted at first she was compelled to go to the back of his truck where she was raped. Pickett then got out of the truck and went to the cab where the other two women were seated. He began touching one of them—the one he had earlier pushed to the ground— and forced her to go to the back of the truck where he raped her. After this, he told her to get the third woman to come to him. When the third woman refused, he chased her into the forest and dragged her back to the truck. The other two victims intervened on her behalf and Pickett relented.

In *State v. Williams,* 111 Ariz. 222, 224, 526 P.2d 1244, 1246 (1974), we indicated that the essence of the crime of kidnapping as prohibited in A.R.S. § 13–492(A) is not the distance the victim is transported, but the unlawful compulsion to stay somewhere or go somewhere against the victim's will. Although the three victims in this case were each forced to go at least a few feet, that was not a required element of the crime. They were compelled, against their will, to remain in the truck cab or to enter the rear of the truck by Pickett so that he could commit the rapes. There was adequate evidence of such compulsion to support a verdict of guilty of kidnapping.

Finally, Pickett points out various factual disputes or inconsistencies and argues that there was simply not sufficient evidence before the jury to support the convictions. Having reviewed the entire record, we conclude that there was sufficient evidence to support a conviction on each of the eight counts charged.

The judgment of the trial court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.