496 P.2d 609

**The STATE of Arizona, Appellee,**

**v.**

**Walter Ezra Lee SCOTT and Eugene Larkin Sharp, Appellants.**

**No. 2 CA–CR 282.**

Court of Appeals of Arizona, Division 2.

May 2, 1972.

**184**

Gary K. Nelson, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Richard G. Clemans, Casa Grande, for appellants.

KRUCKER, Chief Judge.

Appellants were charged with the offense of escape under A.R.S. § 13-392, as amended. The defendants appeared before the court, the Honorable E. D. McBryde presiding, on 9 August 1971, and pursuant to a plea bargain with the county attorney's office plead guilty to the charge of escape. On 16 August 1971, defendants were sentenced to the Arizona State Prison.

Appellants raise two issues on appeal. One, they maintain that they were charged under the wrong statute (A.R.S. § 13-392, as amended); that because they were outside trustees at the time they should have been charged under A.R.S. § 13-395, as amended. Two, they argue that they were denied due process and equal protection in violation of the Fourteenth Amendment to the United States Constitution because they were prosecuted for escape while numerous other escapees have not been prosecuted and, they contend that institutional punishment in addition to the criminal charges amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

During a two-year period in which 31 inmates escaped from the Arizona State Prison, only five charges of escape were filed, including the charges against the appellants herein. The decision as to whether or not to file charges of escape is made by the warden. Upon being returned to the Arizona State Prison, appellants herein received institutional punishment including confinement in isolation.

It is clear from the transcript of proceedings that the appellants' guilty pleas to the charge of escape under A.R.S. § 13-392, as amended, were made pursuant to a plea bargain by which a charge of Grand Theft Auto was dismissed. The plea bargaining process has generally been accepted. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); State v. Williamson, 104 Ariz. 9, 448 P.2d 65 (1968). And, as this court previously pointed out in State v. Myers, 12 Ariz.App. 409, 471 P.2d 294 (1970), a defendant who pleads guilty pursuant to a plea bargain waives the right to claim that he was charged under the wrong statute. The question of correct statute is academic here anyway since both A.R.S. § 13-392, as amended, and A.R.S. § 13-395, as amended, provide for the same punishment.

Appellants' argument that institutional punishment in addition to the criminal charges amounts to cruel and unusual punishment in violation of the Eighth Amendment deserves no more discussion than a reference to State v. Vinson, 8

Ariz.App. 93, 443 P.2d 700 (1968), wherein this court said:

"Such disciplinary action [confinement in isolation], arising out of the escape, does not preclude a subsequent trial for escape nor support a plea of double jeopardy. (Citations omitted)" 8 Ariz. App. at 94, 443 P.2d at 701.

■ Further, we find no merit in appellants' bare assertion that they were denied equal protection and due process because they were charged with escape while others were not. We find no suggestion of invidious discrimination toward appellants nor can we believe that the appellants were lead by the inconsistent policy of prosecution on escape to think that attempted escape would result only in institutional punishment and loss of "good time."

The judgment is affirmed.

HOWARD and HATHAWAY, JJ., concur.