689 P.2d 185

**ARIZONA SECURITY CENTER, INC.,
an Arizona corporation,
Plaintiff-Appellee,**

v.

**STATE of Arizona, Defendant-Appellant.**

**No. 1 CA–CIV 6150.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 16, 1984.

attorney appointed to represent him.

Skarecky, Horenstein & Davis by Gerald J. Davis, Dennis Skarecky, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Thomas P. Prose, Asst. Atty. Gen., Phoenix, for defendant-appellant.

## OPINION

BROOKS, Judge.

Arizona Security Center (hereafter referred to as Security Center) brought this action against the State of Arizona to enforce a lease agreement involving the installation and maintenance of a security alarm system in a new building which was to be occupied by the Arizona Corporation Commission. The sole issue presented on appeal is whether the contract is void on the grounds that the state failed to first solicit competitive bids pursuant to A.R.S. § 41-730. The trial court found that the statute in question did not apply to a lease and therefore determined that the contract was enforceable. For the reasons hereafter stated, we affirm the judgment of the trial court.

The material facts are not in dispute. In October, 1977, Steve Schlueter, the comptroller for the Arizona Corporation Commission, together with another commission employee, contacted Security Center and requested that the company inspect the new premises of the commission for the purpose of installing a security alarm system. After inspecting the building, the president of Security Center gave an estimate of the cost for the installation and leasing of the necessary system. The same day, Schlueter signed a contract with Security Center which provided for a flat installation fee together with a monthly maintenance charge for "leasing rent". Security Center thereafter installed the system and fully performed the terms of its agreement, but the state refused to pay the sum of $6,945, which was then due and owing under the contract.

Security Center brought suit against the state to enforce the contract. In response, the state filed an answer and counterclaim and a later motion for summary judgment seeking to have the contract declared invalid. When the trial court denied the state's motion for summary judgment, the parties stipulated that the court should enter judgment in favor of Security Center on the complaint, there being no disputed issues of material fact.[1] It is from this judgment that the state appeals.

1. The counterclaim also sought relief arising out of an unrelated transaction between the parties, the state's motion for summary judgment was granted with regard to that matter. No appeal was taken from this portion of the judgment.

A.R.S. § 41–730(A) provides in relevant part:

> All purchases of supplies, materials, equipment, risk management services, insurance and contractual services made by any budget unit having an estimated cost in excess of Five Thousand Dollars per transaction shall be based on sealed, competitive bids.

The state first argues that the language of the statute includes leasing arrangements. Citing *Datatrol, Inc. v. State Purchasing Agent*, 379 Mass. 679, 400 N.E.2d 1218 (1980), the state contends that a narrow construction would be contrary to the legislative intent in that it would allow for the evasion of the competitive bidding requirement through the use of leases. We note, however, that the statute in *Datatrol* differed from the one at issue in that it provided:

> The commissioner of administration shall, subject to the approval of the governor and counsel make rules, regulations and orders which shall regulate and govern the manner and the method of the purchasing, delivering and handling of, and the contracting for. supplies, equipment and other property . . . .

■ The court in *Datatrol* found that the phrase "contracting for supplies, equipment and other property" subjects leases to the bidding requirements. We find this case distinguishable since our statute requires competitive bidding only where there is a *purchase* of the designated supplies or services.

■ While we agree with appellant that the cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature, we are also cognizant of the established principle that the language of a statute is the best and most reliable index of its meaning, and where language is clear and unequivocal it is determinative of its construction. *Members of Bd. of Ed. v. Leslie*, 112 Ariz. 463, 543 P.2d 775 (1975); *Marquez v. Rapid Harvest Co.*, 89 Ariz. 62, 358 P.2d 168 (1960). Moreover, "courts will not inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions." *City of Phoenix v. Donofrio*, 99 Ariz. 130, 407 P.2d 91 (1965).

■ We find that the contract at issue does not involve a purchase. The state did not buy or agree to buy any materials or equipment whatsoever. Security Center continued to own all of the equipment installed and reserved the right to remove it from the premises upon termination of the lease.

■ The remaining question is whether the lease agreement constitutes a "purchase of contractual services" thus requiring competitive bidding pursuant to the statute. The court, in *Datatrol v. State Purchasing Agent*, was dealing with a similar issue involving a contract for an on-line number selection processing system where the company would install equipment throughout the state connecting it by telephone communication system to a central computer. Although the contract required the performance of certain operating services, the court characterized the contract primarily as one for the leasing of equipment and *not* for the purchase of services. The court reasoned:

> [A]lthough the contract provides for operating and maintenance services, those services are incidental to the procurement of equipment and software. The (state) has never treated those services separately from the equipment. We do not believe they should be severed now.

The same reasoning is applicable to the instant case. The only services referred to in the lease agreement were those necessary for the "maintenance of the system". The record does not indicate either the nature or the extent of the services to be provided by Security Center, although it can be implied from the terms of the agreement that Security Center will respond in some manner in the event that the alarm is triggered. Additionally, the contract does not purport to separate the rendition of services from the installation and maintenance of the hardware. Accordingly, we find that this is a contract first and fore-

most for the installation and leasing of equipment and, as such, does not come within the scope of the statutory term "contractual services".

We acknowledge that competitive bidding of public contracts is a highly desirable procedure which can only inure to the benefit of the taxpayers. It would be inappropriate, however, for this court to achieve a desired result by interpreting the existing statute in a manner which is contrary to its express provisions. This is a matter which should receive appropriate consideration by the legislature.

For the foregoing reasons the judgment of the trial court is affirmed.

MEYERSON, P.J., and CORCORAN, J., concur.