781 P.2d 74

**In the Matter of the APPEAL IN PIMA COUNTY JUVENILE ACTION NO. 74802–2.**

**No. 2 CA–JV 89–0004.**

Court of Appeals of Arizona, Division 2, Department A.

March 16, 1989.

Redesignated as Opinion and Publication Ordered April 26, 1989.

Review Granted July 13, 1989.

**98**

Harold L. Higgins, Pima County Public Defender by Susan Q. Shetter, Tucson, for minor.

Stephen D. Neely, Pima County Atty. by Gerald L. Piccirilli, Tucson, for State.

## OPINION

PER CURIAM.

The juvenile appeals the trial court's finding that he was in violation of his probation and the order committing him to the Department of Corrections. We affirm.

The minor was accused of sexual abuse in violation of A.R.S. § 13–1404. Appellant, a 16–year–old at the time, was found to have fondled a 14–year–old girl's breasts with her consent. The minor argued to the trial court that A.R.S. § 13–1404 is unconstitutional as applied to him and other juveniles. Appellant's argument is that while the statute is clear as applied to adults, it is unconstitutional as applied to juveniles engaged in consensual sexual activity.

■ The standard for determining whether a statute is void for vagueness is whether the statute would allow a person of ordinary intelligence to ascertain from the language what conduct will subject him to criminal penalties. *United States v.*

*Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *State v. Varela,* 120 Ariz. 596, 587 P.2d 1173 (1978). There is no authority for appellant's assertion that a statute can be precise as applied to adults, while simultaneously being void for vagueness as applied to juveniles. Sexual conduct, the crucial component of A.R.S. § 13–1404, has been held not to be void for vagueness. *State ex rel. Hamilton v. Superior Court,* 128 Ariz. 184, 624 P.2d 862 (1981).

■ Appellant secondarily argues that the statute is overbroad. A statute is overbroad if it applies to conduct which the state may not prohibit. *State ex rel. Purcell v. Superior Court,* 111 Ariz. 582, 535 P.2d 1299 (1975). Appellant's contention is that the juvenile and the victim were engaging in "consensual petting" and maintains that such acts have been "normal adolescent behavior at least since Romeo and Juliet." Additionally, the juvenile cited the trial court to a newspaper article which estimated that 47 percent of teenagers are sexually active. Even if this were accepted as fact, it is still no authority for the proposition that the state may not proscribe such conduct. Sexual contact as prohibited by A.R.S. § 13–1404 is conduct which may constitutionally be prohibited. *See State v. Scofield,* 7 Ariz.App. 307, 438 P.2d 776 (1968).

There is absolutely no bar to the legislature making A.R.S. § 13–1404 applicable to juveniles. Indeed, while the legislature has distinguished among ages of accused criminals and their victims in drafting other statutes, no such distinction is made here. (*See* A.R.S. § 13–1204(A)(4), where aggravated assault is defined as occurring when a person 18 years of age or older commits assault against a child 15 years of age or younger, and § 13–604.01, which distinguishes dangerous crimes against children on the basis of the perpetrator being 18 years of age or older.)

The plain language of A.R.S. § 13–1404 prohibits the conduct engaged in by the juvenile. The statute is not vague nor is it overbroad. Therefore, the trial court acted

correctly in finding that the admitted violation of the statute justified the revocation of the juvenile's probation and his commitment to the Department of Corrections.

Affirmed.