790 P.2d 723

**In the Matter of PIMA COUNTY JUVENILE APPEAL NO. 74802–2, Petitioner.**

**No. CV–89–0159–PR.**

Supreme Court of Arizona, En Banc.

April 4, 1990.

Susan Kettlewell, Pima County Public Defender by Susan Q. Shetter, Deputy County Public Defender, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Gerald L. Piccirilli, Deputy County Atty., Tucson, for respondent.

## OPINION

MOELLER, Justice.

### JURISDICTION

The petitioner is a sixteen-year-old male juvenile who was on probation as a result

of shoplifting. The juvenile court revoked his probation based on a finding that he had sexually abused a fourteen-year-old girl. The factual basis for the finding was that the boy had fondled the girl's breasts with her consent. On appeal, the juvenile challenged both the applicability and the constitutionality of the sexual abuse statute, A.R.S. § 13–1404. The court of appeals affirmed in a published opinion, *In the Matter of Pima County Juvenile Action No. 74802-2,* 162 Ariz. 97, 781 P.2d 74 (App.1989). We granted the juvenile's petition for review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and A.R.S. § 12–120.24.

## QUESTIONS PRESENTED

The petition presents the following questions for our resolution:

1. Whether A.R.S. § 13–1404 is unconstitutionally vague as applied to petitioner.

2. Whether A.R.S. § 13–1404 is unconstitutionally overbroad.

3. Whether the legislature intended A.R.S. § 13–1404 to apply to minor offenders.

Because the petition presents no challenge to the order revoking probation assuming the validity of the underlying finding of sexual abuse, we do not consider whether probation revocation was a proper disposition for the violation. The petition does not present and we do not consider any question relating to the interpretation, applicability or constitutionality of any statute requiring the reporting of sexual activities of juveniles; nor do we consider any constitutional issues except those specified above.

## FACTS AND PROCEDURAL HISTORY

Petitioner was charged in Pima County Juvenile Court with violating his juvenile probation by committing sexual abuse in violation of A.R.S. § 13–1404. The incident occurred during the early morning hours of August 21, 1988, when petitioner entered the girl's bedroom and fondled her breasts. Both juveniles were staying at a foster home in which they had been placed by the Department of Economic Security. At the time of the incident, petitioner was sixteen and the girl was fourteen.

The judge found that the touching of the girl's breasts was consensual, but that the consent of the girl was not a defense because she was fourteen years of age. The judge denied petitioner's motion to dismiss which was urged on the grounds that A.R.S. § 13–1404 is unconstitutional. Based on the finding of a violation, the juvenile's probation was revoked.

On appeal, the court of appeals held that A.R.S. § 13–1404 is not unconstitutionally vague as applied to juveniles engaging in consensual "petting." *Juvenile Action No. 74802-2,* 162 Ariz. at 98, 781 P.2d at 75. Rejecting an argument of overbreadth, the court of appeals found that sexual contact with a minor, as described and prohibited by § 13–1404, is conduct that the state can constitutionally proscribe. *Id.* The court of appeals also held that the specific language of § 13–1404 indicated a legislative intent that the section apply to consenting minors engaging in sexual contact. *Id.* Consequently, the court of appeals found no error in the juvenile court's finding of sexual abuse under A.R.S. § 13–1404. *Id.* We granted review to consider the issues advanced by the juvenile and now affirm.

## DISCUSSION

1. Vagueness

The statute at issue, A.R.S. § 13–1404, provides:

A. A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involves only the female breast.[1]

---

**1.** Sexual contact involving areas other than the breast of under-fifteen year olds is covered by other statutes. *See, e.g.,* § 13–1405 (sexual conduct with minor by sexual intercourse, oral sexual contact); § 13–1406 (sexual assault by sexu-

B. Sexual abuse is a class 5 felony unless the victim is under fifteen years of age in which case sexual abuse is a class 3 felony punishable pursuant to § 13–604.01.

"Sexual contact" referred to in subsection A of the statute is in turn defined in A.R.S. § 13–1401 subd. 2 which provides:

"sexual contact" means any direct or indirect fondling or manipulating of any part of the genitals, anus, or female breast.

Petitioner concedes that the statute is clear as applied to an adult engaging in sexual contact with a minor. However, he contends that the same statute is unconstitutionally vague as applied to consensual petting between two minors. Citing newspaper articles stating that a substantial number of teenagers are sexually active, he argues that applying § 13–1404 to a sixteen-year-old boy gives the state unfettered discretion to arrest and convict juveniles. He argues that the statute casts a wide net to ensnare the innocent as well as the guilty and, therefore, the statute is unconstitutionally vague. We disagree and think petitioner misapplies the vagueness analysis.

The legislature has wide discretion in delineating innocent from culpable conduct. *State ex rel. Hamilton v. Superior Court of Maricopa County*, 128 Ariz. 184, 185, 624 P.2d 862, 863 (1981); *State v. Scofield*, 7 Ariz.App. 307, 310, 438 P.2d 776, 779 (1968). Petitioner asserts that teenage "petting" is, by some objective standard, innocent conduct, and, therefore, a statute criminalizing such conduct is necessarily vague. This circular reasoning is legally unsound for purposes of analyzing a vagueness argument.

The earmark of an unconstitutionally vague statute is that it defines the proscribed conduct in terms so indefinite that people of common intelligence must necessarily guess at its meaning. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996 (1954); *State v. Varela*, 120 Ariz. 596, 599, 587 P.2d 1173,

al intercourse, oral sexual contact); § 13–1410

1176 (1978). Vague statutes lack ascertainable standards of guilt; therefore, ordinary people cannot conform their conduct to their legal obligations. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 165, 92 S.Ct. 839, 845, 31 L.Ed.2d 110, 117–18 (1972); *Winters v. People of State of New York*, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948). The United States Supreme Court summarized the vagueness analysis in the following statement:

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is forced to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

*Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972); *see also State v. Locks*, 97 Ariz. 148, 150–51, 397 P.2d 949, 951 (1964).

The challenged statute, A.R.S. § 13–1404, provides clearly ascertainable standards of guilt, whether one is considering adult or juvenile conduct. The statute is phrased with specificity so that reasonable persons will know exactly what is demanded of them. Whatever arguments might be available under the statute for other factual situations, one thing is clear: if the sexual contact involves the breast of a girl under fifteen years of age, then the consent of the girl is immaterial. *State v. Superior Court of State of Ariz. In And For Santa Cruz County*, 154 Ariz. 624,

(molestation by touching private parts).

628, 744 P.2d 725, 729 (App.1987). Furthermore, the legislature has carefully exempted from the statute physical contact that has a legitimate medical basis (A.R.S. § 13–1407(A) and (C)) or that is unmotivated by sexual interest (A.R.S. § 13–1407(E)). Additionally, although the legislature provided a defense if the person charged did not know and could not reasonably have known the age of the victim, A.R.S. § 13–1407(B), it did not provide a defense based on the age of the defendant. Thus, the statute quite clearly differentiates between conduct that is proscribed and conduct that is not proscribed. Therefore, no possibility exists that conduct falling outside the purview of the statute will be affected. "Sexual contact," a significant component of A.R.S. § 13–1404, has already been held not to be void for vagueness in the context of the public indecency statute. *Hamilton*, 128 Ariz. at 187, 624 P.2d at 865. Petitioner provides us with no new arguments prompting us to reconsider our earlier holding.[2]

Petitioner, however, cites *Papachristou* in support of his argument that § 13–1404 is vague because it encourages arbitrary and erratic arrests and convictions. Petitioner contends that because sexual conduct by minors is so prevalent, the state will capriciously pick and choose whom to prosecute. The state conceded in oral argument that it does not attempt to apply § 13–1404 to all juveniles who violate it, nor does it intend to.

■ Nevertheless, whatever potential for arbitrary enforcement exists does not originate from any vagueness in the statute itself. Rather, such potential originates from the prevalence of the conduct sought to be proscribed and the frequency with which such conduct is ignored. Nothing in the language of the statute itself promotes arbitrariness, which is the test for unconstitutional vagueness. The fact that certain conduct is common is not proper grounds for holding a statute unconstitutionally vague. For example, the fact that a large number of people exceed posted speed limits or smoke marijuana does not, itself, make statutes proscribing such conduct unconstitutional.

■ Prosecutors have wide discretion in enforcing criminal statutes. *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). Mere failure to prosecute all offenders is not a sufficient basis for a successful claim of denial of equal protection. *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446, 453 (1962); *Moss v. Hornig*, 314 F.2d 89, 92 (2d Cir.1963). However, a law fair on its face and impartial in appearance may violate a defendant's equal protection rights if it is selectively and discriminately enforced based on an unjustifiable classification such as race, religion or some other arbitrary classification. *Oyler*, 368 U.S. at 456, 82 S.Ct. at 506, 7 L.Ed.2d at 453; *Wayte* 470 U.S. at 608, 105 S.Ct. at 1531, 84 L.Ed.2d at 556; *see* Annotation, *What Constitutes Such Discriminatory Prosecution of Enforcement of Laws as to Provide Valid Defense in State Criminal Proceed-*

---

**2.** For the sake of comparison, we note that statutes with less precision or clarity than the one in question have been held not to be vague. *See, e.g., Seeley v. State*, 134 Ariz. 263, 655 P.2d 803 (App.1982) (ordinance prohibiting lying, sleeping or otherwise sitting on public right-of-way is not vague); *State v. Bateman*, 113 Ariz. 107, 547 P.2d 6 (1976), *cert. denied*, 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976) (statutes prohibiting the infamous crime against nature and lewd and lascivious acts are not vague); *State ex rel. Purcell v. Superior Court In and For Maricopa County*, 111 Ariz. 582, 535 P.2d 1299 (1975) (statute prohibiting loitering or prowling upon private property is not vague); *State v. Pickett*, 121 Ariz. 142, 589 P.2d 16 (1978) (statute prohibiting lewd and lascivious acts is not vague); *Daniels v. State*, 418 So.2d 185 (Ala.Cr.

App.1982), *cert. denied*, 459 U.S. 1073, 103 S.Ct. 497, 74 L.Ed.2d 637 (1982) (sexual abuse statute not vague); *Sorenson v. State*, 604 P.2d 1031 (Wyo.1979) (statute prohibiting taking of immodest, immoral or indecent liberties with a child is not vague); *State v. Minns*, 80 N.M. 269, 454 P.2d 355 (1969) (statute forbidding indecently handling or touching a girl under age of sixteen is not vague); *Sissom v. State*, 210 Tenn. 556, 360 S.W.2d 227 (1962) (statute prohibiting an assault and battery upon female under age twelve with intent to unlawfully sexually molest or fondle her is not vague). *See* Annotation, *Validity and Construction of Penal Statute Prohibiting Child Abuse*, 1 A.L.R. 4th 38, 49 (1980), for an extensive list of child abuse statutes held not to be unconstitutionally vague.

*ings,* 95 A.L.R.3d 280, 340 (1979) (describing several cases involving claims of discriminatory enforcement of various statutes governing sexual conduct). Petitioner, however, does not argue that his particular prosecution was based on impermissible selective criteria. Moreover, the record is entirely devoid of evidence concerning the enforcement or lack of enforcement of § 13–1404. Petitioner's bare assertions that § 13–1404 will, sometime in the future, lead to discriminatory application does not make a case of selective enforcement in this particular case. *See State v. Denny,* 116 Ariz. 361, 365, 569 P.2d 303, 307 (App. 1977); *see also State v. Scott,* 17 Ariz.App. 183, 185, 496 P.2d 609, 611 (1972).

### 2. Overbreadth

Petitioner next argues that § 13–1404 is constitutionally overbroad as applied to him. As a matter of constitutional analysis, an overbroad statute is one which is invalid on its face, rather than as applied. Overbreadth challenges are allowed primarily to prevent chilling the constitutional rights of persons not before the court, rather than to protect the rights of the litigant himself. *Secretary of State of Maryland v. Joseph H. Munson Co., Inc.,* 467 U.S. 947, 958, 104 S.Ct. 2839, 2847, 81 L.Ed.2d 786, 796 (1984); *United States v. Raines,* 362 U.S. 17, 21–22, 80 S.Ct. 519, 522–23, 4 L.Ed.2d 524, 529–30 (1960); *Thornhill v. Alabama,* 310 U.S. 88, 97–98, 60 S.Ct. 736, 741–42, 84 L.Ed. 1093, 1099–100 (1940). As such, the overbreadth analysis is a doctrine of standing in which a person charged with a violation of a statute has standing to assert the invalidity of the statute notwithstanding the fact that his conduct is not, in itself, constitutionally protected. *Munson,* 467 U.S. at 956–59, 104 S.Ct. at 2847–48, 81 L.Ed.2d at 795–97;

*see also* Nimmer, *Freedom of Speech* § 4–11[E]2 (1984).[3]

Petitioner does not assert the rights of others but asserts only his own. Hence, petitioner's claim that the statute at issue is overbroad as applied to him is misplaced. A fair reading of petitioner's argument, however, shows that he is arguing, in part, that § 13–1404 is unconstitutional as applied to him because the statute impermissibly infringes on his own constitutionally protected conduct. We therefore consider his second constitutional argument in this light.

Petitioner contends that the statute unnecessarily interferes with his right to privacy as guaranteed by the United States Constitution.[4] He argues that the state may not regulate sexual conduct engaged in by minors, at least sexual conduct of the type here involved. Because petitioner was not engaged in sexual intercourse, he claims that his right to privacy outweighs the state's interest in regulating the minimal consensual conduct he did engage in. We must analyze his argument based not on the wisdom of the statute, but on its constitutionality. On constitutional grounds, his argument falls short.

The United States Supreme Court has held that minors, as well as adults, are protected by the United States Constitution and possess constitutional rights. *Planned Parenthood of Central Missouri v. Danforth,* 428 U.S. 52, 74, 96 S.Ct. 2831, 2843, 49 L.Ed.2d 788, 808 (1976). Many of the constitutional rights enjoyed by adults extend to minors. *See Tinker v. Des Moines Independent Community School Dist.,* 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969); *Application of Gault,* 387 U.S. 1, 13, 87 S.Ct. 1428, 1436, 18 L.Ed.2d 527, 538 (1967). In a line of cases, the Supreme Court declared the constitu-

---

**3.** Some doubt exists about whether the overbreadth analysis can be applied outside the first amendment context. Some jurists have expressed the view that the rule of overbreadth can generally be applied in the case of any constitutional challenge. *See, e.g.,* Monaghan, "Overbreadth," *The Supreme Court Review 1* (1981). Several courts have considered overbreadth challenges to statutes not involving first

amendment issues such as child abuse. *See* 1 A.L.R. 4th, *supra* at 49. We do not need to resolve the issue in this case.

**4.** Petitioner makes no such claim under the state constitution and we therefore do not include it in our analysis.

tional right of sexual privacy applicable to minors. *City of Akron v. Akron Center for Reprod. Health, Inc.*, 462 U.S. 416, 103 S.Ct. 2481, 76 L.Ed.2d 687 (1983); *Carey v. Population Services Intern.*, 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977); *Danforth*, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788. Although the "mature minor" enjoys the same sexual privacy rights as an adult, the state's burdening of the minor's right is governed by a less rigorous standard than the compelling state interest test that applies to adults. *Carey*, 431 U.S. at 693 n. 15, 97 S.Ct. at 2020 n. 15, 52 L.Ed.2d at 690 n. 15. If a restriction is placed on a minor that is not placed on an adult, the state's burden is to show that the restriction serves a significant state interest that is not present in the case of an adult. *Id.* at 693, 97 S.Ct. at 2020, 52 L.Ed.2d at 690; *Danforth*, 428 U.S. at 75, 96 S.Ct. at 2844, 49 L.Ed.2d at 808.

In a significant footnote, the United States Supreme Court explained the appropriateness of such a test:

> Such lesser scrutiny is appropriate both because of the states' greater latitude to regulate the conduct of children, *Prince v. Massachusetts*, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); *Ginsberg v. New York*, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968),.... and the law has generally regarded minors as having a lesser capability for making important decisions. *See, e.g., Planned Parenthood*, 428 U.S. at 102, 96 S.Ct. at 2856, [49 L.Ed.2d at 823–24] (Stevens, J., concurring in part and dissenting in part).

*Carey*, 431 U.S. at 693 n. 15, 97 S.Ct. at 2020 n. 15, 52 L.Ed.2d at 690 n. 15.

The opinion in *Carey* struck down a law that allowed only pharmacists to sell nonmedical contraceptive devices to persons over sixteen years of age and prohibited the sale of such items to minors under sixteen. A majority of the United States Supreme Court decided that prohibiting the sale of contraceptives to minors was not a rationally related means of deterring minors from engaging in illegal sexual activities. Justice Brennan, writing for himself and three other justices, wished to reserve the issue of whether the state could legitimately prohibit minors from engaging in private consensual sexual behavior. Nevertheless, Justice Brennan did remark:

> But whatever the answer to that question, *Ginsberg v. New York*, [390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968)] indicates that in the area of sexual mores, as in other areas, the scope of permissible state regulation is broader as to minors than as to adults ... our decision proceeds on the assumption that the Constitution does not bar state regulation of the sexual behavior of minors.

*Carey*, 431 U.S. at 694 n. 17, 97 S.Ct. at 2021 n. 17, 52 L.Ed.2d at 691 n. 17.

Five justices (three concurring and two dissenting) would have specifically held that the state could constitutionally prohibit minors from engaging in consensual sexual conduct, and would have found that the state has a significant interest in discouraging sexual activity among unmarried minors. *E.g., Carey*, 431 U.S. at 713, 97 S.Ct. at 2031, 52 L.Ed.2d at 702 (Stevens, J., concurring). Justice White stated in his concurring opinion:

> Because he may not foresee the consequences of his decision, a minor may not make an enforceable bargain. He may not lawfully work or travel where he pleases, or even attend exhibitions of constitutionally protected adult motion pictures. Persons below a certain age may not marry without parental consent ...

*Id.* at 706, n. 1, 97 S.Ct. at 2027 n. 1, 52 L.Ed.2d at 698 n. 1. (White, J., concurring), quoting *Danforth*, 428 U.S. at 102, 96 S.Ct. at 2856, 49 L.Ed.2d 823–24 (Stevens, J., concurring in part and dissenting in part).

We are persuaded that the state has a significant interest in proscribing sexual conduct between minors. The state has a strong interest in the ethical and moral development of its minors. *Ginsberg v. New York*, 390 U.S. 629, 640, 88 S.Ct. 1274, 1281, 20 L.Ed.2d 195, 204 (1968); *Prince v. Commonwealth of Massachusetts*, 321 U.S. 158, 165, 64 S.Ct. 438, 441, 88 L.Ed. 645, 651–52 (1944); *see Bateman*, 113 Ariz.

at 111, 547 P.2d at 10 (the state has a strong interest in regulating the moral welfare of its people). Arizona courts have long recognized the state's strong interest in prosecuting those engaging in sexual activity with a minor notwithstanding the minor's consent. *Taylor v. State*, 55 Ariz. 29, 97 P.2d 927 (1940); *State v. Snyder*, 25 Ariz.App. 406, 544 P.2d 230 (1976). Minors need the protection of the state because they are deemed too unsophisticated to protect themselves or to consent to sexual activity. *Santa Cruz County*, 154 Ariz. at 628, 744 P.2d at 729.

▇ If the petitioner were an adult, there is no question that his sexual contact with a fourteen-year-old girl could properly be criminalized. Petitioner's real argument, which we reject, is that the state is constitutionally required to exempt minors from the operation of the statute. Although the Model Penal Code suggests such an age-differential approach, discussed in more detail *infra*, the question whether to adopt such an approach is a legislative decision, not a judicial or constitutional decision.

A review of cases arising from other jurisdictions persuades us that we reach the right conclusion. For example, the California Court of Appeals has considered whether California Child Abuse and Neglect Reporting Act (Pen.Code § 11164 *et seq.*,) requires the reporting of voluntary sexual conduct between minors. *People v. Stockton Pregnancy Control Medical Clinic, Inc.*, 203 Cal.App.3d 225, 249 Cal. Rptr. 762 (1988). The court held that the statute did not require the reporting of voluntary sexual conduct between minors under age fourteen, both of whom are of a similar age. *Id.* at 239, 249 Cal.Rptr. at 769. However, consensual sexual conduct between a minor under age fourteen and a person of disparate age had to be reported. *Id.* Importantly for our present purposes, the court considered the minors' right to privacy and held, as a matter of constitutional law, that the state can require the reporting of sexual conduct by minors because the state has a significant interest in protecting children *even from consensual*

*sexual contact. Id.* at 241, 249 Cal.Rptr. at 770; *see People v. Cicero*, 157 Cal. App.3d 465, 482, 204 Cal.Rptr. 582, 594 (1984) (sexual conduct may be prohibited with children under the age of fourteen under all circumstances).

In another California case, the court held that a minor, over fourteen, violated a statute prohibiting lewd or lascivious acts with a child under age fourteen, when he engaged in consensual sexual contact with a partner under fourteen. *In re John L.*, 209 Cal.App.3d 1137, 1140–41, 257 Cal.Rptr. 682, 684 (1989). The court also noted that the legislature is free to delineate the age lines as it finds proper. *Id.; see also Matter of James P.*, 115 Cal.App.3d 681, 685, 171 Cal.Rptr. 466, 467 (1981) (statute prohibiting the contributing to delinquency of a minor prohibits such conduct by everyone, regardless of the offender's age).

The Supreme Court of Iowa has also held that the state has a significant interest in regulating sexual activity of minors. *State v. Coil*, 264 N.W.2d 293, 294–96 (Iowa 1978). The court noted that the state may legitimately fix the age at which minor females may consent to sexual intercourse or other forms of sexual conduct. *Id.* at 296. Similarly, the Supreme Court of Utah, reviewing a defendant's conviction for sexual exploitation of a minor, noted that the state has a legitimate interest in the health, safety, morals and general welfare of minors. *State v. Jordan*, 665 P.2d 1280 (Utah 1983), *appeal dismissed*, 464 U.S. 910, 104 S.Ct. 266, 78 L.Ed.2d 249 (1983). The Utah court concluded that the state can prohibit sexual conduct with a minor regardless of the minor's consent. *See id.* at 1285. In accord is a Texas case in which the court held that a Texas statute protects minors from sexual abuse by other minors irrespective of the victim's consent. *P.G. v. State*, 616 S.W.2d 635, 641 (Tex.Civ. App.1981).

▇ In conclusion, we hold that petitioner's right to privacy under the United States Constitution does not entitle him to engage in sexual contact with a partner under the age of fifteen. We hold that the state may legitimately determine that chil-

dren under fifteen years of age are incapable of consenting to the type of sexual conduct involved in § 13–1404. Accordingly, § 13–1404 is not unconstitutional as applied in this case.

3. Legislative Intent

 Lastly, petitioner contends that even if his constitutional arguments fail, his probation revocation should be reversed because the Arizona legislature did not intend the statute to apply to his conduct. Citing *Seeley v. State*, 134 Ariz. 263, 655 P.2d 803 (App.1982), petitioner argues that, to be valid, a criminal statute must have an ascertainable standard of guilt, and the state must show a criminal *mens rea* to obtain a proper conviction. Petitioner asks us to read a criminal intent requirement into A.R.S. § 13–1404 by holding that A.R.S. § 13–1404 applies only to defendants with unnatural or abnormal sexual interest in children.

 We are guided by the fundamental rules of statutory construction. It is our duty to ascertain the intent of the legislature in interpreting a statute. *State v. Rice*, 110 Ariz. 210, 212, 516 P.2d 1222, 1224 (1973); *see People v. Superior Court of Los Angeles County*, 70 Cal.2d 123, 132–33, 449 P.2d 230, 237, 74 Cal.Rptr. 294, 301 (1969). The best and most reliable index of a statute's meaning is its language and, where the language is clear and unequivocal, it is determinative of a statute's construction. *Arizona Sec. Center, Inc. v. State*, 142 Ariz. 242, 244, 689 P.2d 185, 187 (App.1984). As this court stated in *Kilpatrick v. Superior Court*, 105 Ariz. 413, 412, 466 P.2d 18, 27 (1970):

> Courts are not at liberty to impose their views of the way things ought to be simply because that's what must have been intended, otherwise no statute, contract or recorded word, no matter how explicit, could be saved from judicial tinkering.

*See* A.R.S. § 1–211(C) (penal statutes must be construed according to the fair import of their terms); *see Arizona State Board of Accountancy v. Keebler*, 115 Ariz. 239, 240, 564 P.2d 928, 929 (App.1977) (legisla-

tive intent must first be sought in the words of the statute and if the language of the statute is plain and unambiguous it must be given effect and no other rules of construction will be employed to contradict their clear import); *see Matter of James P.*, 115 Cal.App.3d at 685, 171 Cal.Rptr. at 467 (a statute free of ambiguity and uncertainty needs no interpretation).

As applied in this case, A.R.S. § 13–1404 is free of any ambiguity. The language of A.R.S. § 13–1404 is precise and leaves no room for interpretation. The statute explicitly states that if a person has sexual contact with the female breast of a person under fifteen years of age, he is guilty of sexual abuse. The consent of the female minor is immaterial, and so is the age of the offender. In other contexts, the legislature has seen fit to distinguish between the ages of accused criminals and their victims. For example, A.R.S. § 13–1204(A)(4) defines aggravated assault as occurring when a person eighteen years of age or older commits assault against a child fifteen years of age or younger. A.R.S. § 13–604.01 distinguishes dangerous crimes against children on the basis of perpetrator being eighteen years of age or older. If the legislature wished to make an age differentiation among persons falling under the coverage of A.R.S. § 13–1404, it could have done so. We cannot assume that the legislature's failure to do so was a matter of inadvertence.

 Petitioner's reliance on the "unnatural or abnormal" analysis is misplaced. In a line of cases, we have held that an essential element of child molestation is that the acts involved be motivated by an unnatural or abnormal sexual interest with respect to children. *State v. Brooks*, 120 Ariz. 458, 460, 586 P.2d 1270, 1272 (1978); *State v. Berry*, 101 Ariz. 310, 313, 419 P.2d 337, 340 (1966). In those cases, we were interpreting A.R.S. § 13–653 (the precessor of A.R.S. § 13–1410) which provided in pertinent part: "A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child ... shall be guilty

of a felony." [5] We held that when the word "molest" is used in reference to offenses against children, there is a connotation of abnormal or unnatural sexual motivation on the part of the offender. *State v. Stinson*, 105 Ariz. 174, 461 P.2d 472 (1969); *State v. Madsen*, 137 Ariz. 16, 667 P.2d 1342 (App.1983); *State v. Anderson*, 128 Ariz. 91, 623 P.2d 1247 (App.1980); *see State v. Turrentine*, 152 Ariz. 61, 67, 730 P.2d 238, 244 (App.1986). These holdings were limited to interpreting the word "molest," and we did not intend to set a general rule applicable to all sexual abuse statutes.

Petitioner attempts to persuade us that the state gains little by branding "teenage lovers" as sex offenders when they are not motivated by an abnormal desire towards children. He claims that, as a matter of policy, it is unfair to brand innocent teenage behavior as criminal. Although petitioner's policy arguments may have merit, they are presented to the wrong forum. It is within the sole province of the legislature to set the age limit at which a minor can consent to sexual activity and at which a person may be prosecuted for such activity. We do not sit as a second legislature to rewrite laws that may strike us as improvident. The present statute could lead to a harsh result in a given case, but no issue of cruel and unusual punishment is presented here and we therefore do not consider that potential issue.

If the legislature wishes to amend § 13–1404 to de-criminalize consensual sexual activity between consenting minors, it may certainly do so. As several courts, including this one, have previously noted, consensual sexual activity between minors "may be ascribed more to the follies of youth in this era of confusion and frustration than to a wicked and depraved heart."

*State v. Telavera*, 76 Ariz. 183, 187, 261 P.2d 997, 1000 (1953); *see also People v. Hernandez*, 61 Cal.2d 529, 393 P.2d 673, 39 Cal.Rptr. 361 (1964); *State v. Sepulvado*, 367 So.2d 762 (La.1979).

The Model Penal Code suggests one approach to the types of problems that this case raises. The Model Penal Code would proscribe sexual contact with a minor only if there is a significant age differential between the youths. Model Penal Code § 213.4(6) (Official Draft and Revised Comments 1980).[6] This solution might serve to adequately protect the state's interest in controlling sexual conduct with minors while, at the same time, avoid the branding of consenting minors of similar ages as sexual abusers. *See Ketcham v. State*, 618 P.2d 1356, 1365 (Wyo.1980) (Rose, J., dissenting). Whether to adopt such a standard and, if so, the appropriate place at which to draw the line, is a legislative decision.

## DISPOSITION

Unlike the dissenters, we do not read the constitution or the cases as prohibiting the state of Arizona from regulating sexual contact between minors, albeit consensual. We decline the dissent's invitation to speculate concerning the constitutionality of some possible future, as yet unenacted statutes. We limit our consideration to the case which is before us for resolution, which is: does this statute, as applied to this minor in this case, violate his asserted constitutional rights to engage in sexual conduct with another minor?

The statute clearly proscribes the conduct involved. We find no merit to the two constitutional challenges mounted by petitioner. Petitioner's policy arguments are

5. A.R.S. § 13–1410 presently provides:

"A person who knowingly molests a child under the age of fifteen years by directly or indirectly touching the private parts of such child or who causes a child under the age of fifteen years to directly or indirectly touch the private parts of such person is guilty of a class 2 felony and is punishable pursuant to A.R.S. § 13–604.01."

6. Model Penal Code § 213.4(6) provides:

A person who has sexual contact with another not his spouse, or causes such other to have sexual contact with him, is guilty of sexual assault, a misdemeanor, if:

⋅ ⋅ ⋅ ⋅ ⋅

(6) the other person is less than [16] years old and the actor is at least [four] years older than the other person.

Brackets in original signify that various states may insert whatever age limitations they deem appropriate.

most properly addressed to the legislature. The probation revocation is affirmed.

CAMERON and CORCORAN, JJ., concur.

FELDMAN, Vice Chief Justice, dissenting.

The court today decides that the constitution permits the state to criminalize consensual petting by teenagers. Further, it holds that the legislature intended to make it a class 3 felony for a sixteen-year-old boy to touch, with consent, the breast of a fourteen-year-old girl.[7] Believing the court is incorrect on both points, I dissent.

The ramifications that must follow the majority's opinion illustrate its error. When prosecuted and convicted under A.R.S. § 13–1404, teenagers who have done no more than pet and caress must ever after register under Arizona's sex offender law. See A.R.S. § 13–3821. Every social worker, counselor, teacher, doctor, psychologist, nurse, or parent in Arizona who has been told of consensual petting by teenagers must report such "offenders" to the police or DES. A.R.S. § 13–3620(A). If they fail to report, they themselves face prosecution. A.R.S. § 13–3620(J). One shudders to think of the number of young men and women[8] who must now live with the knowledge that they committed felonies and are subject to prosecution should they be found out. It boggles the mind to think of parents, having been told by their children about petting, rushing to call Child Protective Services "forthwith" and following up "by a written report within 72 hours." See A.R.S. § 13–3620(A).

All of this illustrates, as the prosecutor conceded at oral argument, that this statute could not be uniformly enforced. Evidently acknowledging the same problem, the trial judge stated that the legislature must have anticipated that prosecutors would use discretion in determining which cases involving consenting teenagers were to be pursued. See Minute Entry filed October 28, 1988. Further, he believed the great discretion vested in the juvenile system would permit the judge to weigh all factors in fashioning an appropriate disposition. *Id.* The power of the police or the courts to use discretion and selectively enforce statutes is *not* a factor favoring constitutionality. *Grayned v. City of Rockford*, 408 U.S. 104, 109, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972).

As the court ably points out, the legislature has very broad authority to determine what conduct is criminal and to enact laws to proscribe it, even if such laws are unwise. At 28 and 33, 790 P.2d at 726 and 731. The constitution, however, does draw a line limiting the government's power. This statute, interpreted to criminalize petting between consenting teenagers, goes beyond that line. In my view, neither law nor common sense permits this court to affirm the finding that this boy was guilty of sexual abuse.

A. The Statute Violates an Acknowledged Right of Sexual Privacy

The majority concedes that the United States Supreme Court has declared that the federal constitution protects a right of sexual privacy even for minors. At 30, 790 P.2d at 728 (citing cases in which the Court extended the right to minors). The Court has held that the right of privacy is guaranteed by the due process clause of the fourteenth amendment. *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). The majority finds this doctrine inapplicable to the present case because "the state has a significant interest in proscribing *sexual conduct* between minors." At 31, 790 P.2d at 729 (emphasis added).

The state certainly has a strong interest, but in dealing with this constitutionally protected area, the majority uses broad strokes when it is required to draw careful lines. The phrase "sexual conduct" is extremely broad. This court recognizes, as

---

7. Presumably, the statute covers consensual contact with clothed or unclothed female breasts. *See* A.R.S. § 13–1401(2) ("Sexual contact" means any direct or indirect fondling or manipulating of ... female breast.").

8. Presumably, if the girl had responded and her hands had wandered, she, too, could be branded as a sex offender under A.R.S. § 13–3821. If the boy had also been fourteen years and eleven months old, the girl could have been prosecuted as a class 3 felon, even if he had consented.

we all must, that "sexual conduct among ... teenagers is not uncommon." *State v. Bartlett*, 164 Ariz. 229, 235, 792 P.2d 692, 698 (1990). Kissing is "sexual conduct." If the state can turn petting teenagers into class 3 felons, presumably its "significant interest" would also permit it to adopt statutes turning those who kiss into class 4 felons, those who caress into class 5 felons, and those who hold hands into class 6 felons. If the constitution forbids this, the majority fails to acknowledge it.

The majority instead struggles with the doctrines of vagueness and overbreadth in dealing with the constitutionality of the statute. It holds these concepts inapplicable, but ignores the constitutional right to sexual privacy that applies even to teenagers. As the United States Supreme Court stated:

> Constitutional rights do not mature and come into being magically only when one attains the state-defined age of majority. Minors, as well as adults, are protected by the Constitution and possess constitutional rights.

*Planned Parenthood v. Danforth*, 428 U.S. 52, 74, 96 S.Ct. 2831, 2843, 49 L.Ed.2d 788 (1976).

Of course, the state has "somewhat broader authority to regulate the activities of children than of adults." *Id.;* At 30–31, 790 P.2d at 728–729. Given the dangers inherent in sexual intercourse and the problem of teenage pregnancies, the state has criminalized sexual intercourse even between consenting unmarried minors. *See Michael M. v. Superior Court*, 450 U.S. 464, 471–72, 101 S.Ct. 1200, 1205, 67 L.Ed.2d 437 (1981); *but see Carey v. Population Servs. Int'l*, 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977) (striking down statute prohibiting sale of non-medical contraceptive devices to minors). For obvious reasons, the state may criminalize non-consensual sexual activity of any kind. Consensual teenage handholding, kissing, and petting fall on the other side of the line. Attempts to criminalize them should be held invalid as an infringement on protected individual rights. Such activities are

not to be regulated through criminal prosecution. *See Griswold.*

As for the state's "strong interest in the ethical and moral development of its minors" (At 31, 790 P.2d at 729), I believe the majority again paints too broadly. Of course, the state has such an interest, but morality, especially sexual morality, is something that must be taught as a matter of ethical and religious principles demonstrated and taught in homes and religious institutions. For children like the ones involved in this case,[9] the state must surely have some better method of teaching morality than confinement to a penal institution. Arizona's criminal justice system has yet to demonstrate much success in teaching ethics and morals. We cannot justify infringement on protected individual rights predicated on the illusion that the legislature has decided that morality will be learned in penal institutions.

### B. Legislative Intent

Finally, in my view, it was not even necessary for the court to reach any of these constitutional issues. The majority concludes that the legislature intended the construction it gives the statute. At 32–33, 790 P.2d at 730–731. The legislative record is silent and provides no support for this conclusion. The majority rejects the interpretation suggested by the juvenile. Applying what it calls "fundamental rules of statutory construction," it assumes the legislature must have intended that the words of the statute be strictly applied. In the majority's view, the language is "precise and leaves no room for interpretation." At 32, 790 P.2d at 730. Justice Holmes cautioned long ago against pressing the words of a statute to their "grammatical extreme." *Tyson and Brother v. Banton*, 273 U.S. 418, 445–46, 47 S.Ct. 426, 433, 71 L.Ed. 718 (1927) (Holmes, J., dissenting).

I should have thought it an even more fundamental rule of statutory construction that the legislature be presumed not to have intended absurd or grossly unjust results. *See City of Phoenix v. Superior Court*, 144 Ariz. 172, 177, 696 P.2d 724, 729

---

**9.** Both children were, at least to some degree, emotionally or mentally disabled.

(Ct.App.1985). Surely, the legislators did not intend that teenagers engaged in consensual petting be transformed into felons subject to prison sentence. I cannot believe they intended that parents, teachers, and doctors would be required, under threat of prosecution, to report teenagers for petting.

I would conclude, instead, that the legislature meant to reach a constitutional, sensible result. I would hold that when applied to cases such as this, the statute can be interpreted only to criminalize conduct that was not consensual or that was deviant or aberrational. The majority tactfully provides the legislature with a road map as to how to draft a sensible statute. At 33–35, 790 P.2d at 731–733. It would have done better to interpret the statute in a common sense manner, thus leaving the legislature the option of explicitly stating that it desires to turn all consensually petting teenagers into felons. If the statute cannot be sensibly interpreted, I would hold it unconstitutional as an invasion of constitutionally protected rights.

I therefore must dissent.

GORDON, Chief Justice, concurs in the dissent.