841 P.2d 206

**STATE of Arizona, Appellee,**

v.

**Ronald Arthur TOBER and Garth Stevens Black, Appellants.**

No. CR–91–0375–PR.

Supreme Court of Arizona,
En Banc.

Nov. 3, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., Warren J. Granville, Asst. Atty. Gen., Phoenix, for State.

Gallagher & Kennedy, P.A. by Leslie T. Jones, Jr., Phoenix, for appellant Tober.

Jones, Skelton & Hochuli by A. Melvin McDonald, Jr., Phoenix, for appellant Black.

Joseph C. Long, Norman, Okl., for amicus curiae North American Securities Administrators Ass'n, Inc.

## OPINION

MARTONE, Justice.

We are asked to decide whether A.R.S. § 44–1841, prohibiting the sale of unregistered securities, and A.R.S. § 44–1842, prohibiting transactions in securities by unregistered dealers and sellers, are vague under the due process clause of the Fourteenth Amendment. We hold that they are not.

## PROCEEDINGS

Tober and Black were indicted for the sale of unregistered securities under A.R.S. § 44–1841 and transactions in securities by unregistered dealers and sellers under A.R.S. § 44–1842. Arguing that courts are hopelessly divided over when a note is a security, they moved to quash the indictment on grounds of vagueness. The state responded that however divided the federal courts are on the question of when a note is a security, Arizona's statutory scheme was quite clear and no exemption applied. The trial court denied the motion. Later, in denying a motion in limine to exclude expert testimony on what is a security, the court concluded that whether the notes were securities was a question of fact for the jury. Reporter's transcript of proceedings, Sept. 22, 1988, at 3.

The case went to the jury on an instruction drawn from the "risk capital" test of *Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 432 (9th Cir.1978).[1] The state, Tober, and Black agreed upon the instruction. Reporter's transcript of proceedings, Oct. 25, 1988, at 154–58. Tober and Black were convicted.

Holding that a fact-specific test for determining when a note is a security is too uncertain to provide sufficient notice of criminal responsibility, the court of appeals reversed. *State v. Tober*, 170 Ariz. 573, 826 P.2d 1199 (App.1991). Because the court of appeals passed unfavorably on the constitutionality of an Arizona statute, we granted the state's petition for review.

## FACTS

Black wanted to raise some capital to finance a real estate development in Utah. He created limited partnerships with a corporate general partner. Black prepared promissory notes to be issued by the corporate general partner in return for the invested funds. The note granted an option to convert it to shares in the limited partnerships. Black did not register the notes with the Arizona Corporation Commission under A.R.S. §§ 44–1871 to –1875 or under A.R.S. §§ 44–1891 to –1900. Instead, he contacted Tober, who conducted his own investment and tax counseling business, and enlisted him to sell the notes to his clients. Tober was to receive a commission for the sale of each note. Neither Black nor Tober were registered as dealers or sellers under A.R.S. §§ 44–1941 to –1949.

Because Black was never able to get institutional financing, the venture failed and the corporate general partner defaulted on the notes.

## ANALYSIS

■ Tober, Black, and the state tried this case under the "risk capital" test articulated in *Amfac*. Both sides agreed that not all promissory notes are securities. The jury was instructed to use the *Amfac* test to distinguish a promissory note which is not a security from a promissory note which is a security. Tober's and Black's vagueness argument is premised upon the assumption that the *Amfac* test, or some variant of it, is applicable to charges under A.R.S. § 44–1841 and § 44–1842.

Assuming Tober's and Black's premise was correct, the court of appeals agreed that the statutes were vague. It reasoned as follows. "Security" as used in A.R.S. § 44–1841 and § 44–1842 is defined under A.R.S. § 44–1801(20)[2] to mean, among other things, "any note." Because not every note under *Amfac* is a security, and because a defendant would not know in advance whether the jury's application of the *Amfac* test would result in a finding that a note is a security, the court held that the statutory definition of security as "any note" is unconstitutionally vague.

We disagree. In our view, neither the "risk capital" test of *Amfac*, the "family resemblance" test of *Reves v. Ernst & Young*, 494 U.S. 56, 64–67, 110 S.Ct. 945, 950–52, 108 L.Ed.2d 47, 59–61 (1990)[3], nor

---

1. Under *Amfac*, whether a note is a security under that portion of the federal securities law relating to fraud is determined by the application of a "risk capital" test, involving an analysis of time, collateralization, form of obligation, circumstances of issuance, relationship between the amount borrowed and the size of the borrower's business, and the contemplated use of the funds.

2. Now A.R.S. § 44–1801(22).

3. *Reves* rejected the *Amfac* "risk capital" test and adopted the "family resemblance" test, under which any note is presumed to be a security. The presumption may be rebutted by showing that the note bears a strong resemblance to categories of notes which are not securities,

applying a four factor test: (1) motivations of seller and buyer; (2) plan of distribution; (3) reasonable expectations of investing public; and (4) the existence of another risk reducing regulatory scheme. The list of non-security notes includes consumer financing notes, notes secured by a home mortgage, notes secured by a lien on a business or its assets, notes reflecting a loan to a bank customer, short term notes secured by an assignment of accounts receivable, and notes which formalize a debt on an open-account in a business.

As the amicus North American Securities Administrators Association points out, the Tober–Black notes are securities under the *Reves* test, just as they are under the relevant Arizona statutes.

any variant applies to charges under A.R.S. § 44–1841 and § 44–1842. These two sections are part of a comprehensive statutory scheme that defines the universe of securities, exempt securities, and exempt transactions. The statutory scheme leaves no room for judicial gloss, and thus there is no uncertainty in its application. The vagueness challenge simply evaporates.

We begin with the relevant statutes. A.R.S. § 44–1841(A) prohibits the sale of securities unless they have been registered, except securities exempt under § 44–1843 or § 44–1843.01, or securities sold in exempt transactions under § 44–1844. A.R.S. § 44–1842 prohibits the sale of securities by unregistered dealers or sellers.

A.R.S. § 44–1801(22) defines "security" to mean, among other things, "any note." [4] It is at this point that the parties and the court of appeals concluded their statutory analysis. They put flesh on the language "any note" by reference to judicial tests created by the federal courts in the context of actions for fraud in connection with the sale of securities.[5] We turn, instead, to the next section of the statute. Under A.R.S. § 44–1843, "[t]he provisions of §§ 44–1841 and 44–1842 do not apply to any of the following classes of securities." Among them are notes secured by mortgages or deeds of trust on real estate or chattels, A.R.S. § 44–1843(10), and some commercial paper, A.R.S. § 44–1843(8). Thus, notes given in connection with the ordinary purchase of a house or automobile are exempt. So is the issuance of some commercial paper. Similarly, A.R.S. § 44–1844 provides that "[t]he provisions of §§ 44–1841 and 44–1842 do not apply to any of the following classes of transactions." Among the many exempt transactions are those that do not involve any public offering. A.R.S.

§ 44–1844(1). Thus, all consumer transactions involving the purchase of real property or goods are exempt where the buyer pays by giving a promissory note.

We do not need the *Amfac* test, the *Reves* test, or any variant to tell us when a note is not a security for purposes of A.R.S. § 44–1841 and § 44–1842, because A.R.S. § 44–1843, § 44–1843.01 and § 44–1844 describe quite precisely exempt notes and exempt transactions in notes. The vice of vagueness which the court of appeals thought infected the *Amfac* and *Reves* tests is simply not present in the statutory scheme for registration.

We are not unmindful that federal security regulation resembles the Arizona statutory scheme. Arizona law, like federal law, defines "security" to include "any note." *Compare* 15 U.S.C. § 77b(1) *with* A.R.S. § 44–1801(22). Similarly, both Arizona and federal law provide for "exempt securities" and "exempt transactions." *Compare* A.R.S. § 44–1843 (exempt securities) *and* A.R.S. § 44–1844 (exempt transactions) *with* 15 U.S.C. § 77c (exempted securities) *and* 15 U.S.C. § 77d (exempted transactions). But the federal tests (*Amfac* and *Reves*) evolved in the context of *civil actions* for *fraud* in connection with the sale of securities under 15 U.S.C. §§ 77q and 78j, where the registration exemptions are inapplicable. See 15 U.S.C. § 77q(c) (making the exemption provisions of § 77c expressly inapplicable) and 15 U.S.C. § 78j (failing to exclude from its applicability "exempted securities," in contrast with §§ 78l and 78o, the provisions of the 1934 Act requiring registration of securities, brokers and dealers). Without the *Reves* test one is left literally with the words "any note." This is simply not the

---

**4.** *Compare the definition here of a security as any note with the definition of a note under Article 3 of the Uniform Commercial Code, A.R.S. § 47–3104, and the definition of a security under Article 8 of the Uniform Commercial Code, A.R.S. § 47–8102(A).*

**5.** *It is understandable, but ironic, that the parties used a test developed by the federal courts in connection with the civil claim of fraud in connection with the sale of securities. See Amfac, 583 F.2d at 428 n. 1. Like its federal*

counterpart, Arizona's provision dealing with fraud in the purchase or sale of a security, A.R.S. § 44–1991, expressly *includes* securities exempted under § 44–1843 or 44–1843.01, and transactions exempted under § 44–1844. Reference to Arizona's fraud provision would have alerted the parties to the express exemption provisions applicable to registration. The issue of whether the *Reves* test, or something like it, is applicable to A.R.S. § 44–1991 is not presented by this case.

case under federal and state *registration* provisions. We are not willing to mix and merge fraud with registration and ignore the plainly separate treatment accorded these concepts under both federal and state statutes.[6]

An unconstitutionally vague statute is one that requires a person to guess at its meaning. *In re Pima Cty.Juv.App. No. 74802-2*, 164 Ariz. 25, 28, 790 P.2d 723, 726 (1990). Tober and Black did not have to guess here. A.R.S. § 44–1843 and § 44–1843.01 advised them that their notes were not exempt. A.R.S. § 44–1844 advised them that their transaction was not exempt. Thus A.R.S. § 44–1841 advised them to register the notes before they sold them and A.R.S. § 44–1842 advised them to register themselves.

## DISPOSITION

Tober and Black were tried on a theory more favorable to them than the Arizona statutory scheme. They were found guilty. The defendants never contended that a statutory exemption existed in this case. Transcript of proceedings, Sept. 15, 1988 at 38. Because Tober and Black were not prejudiced, they are not entitled to a new trial.

The vagueness issue was but one of many issues raised on appeal. The court of appeals did not reach the others. Because we reverse the court of appeals on the vagueness issue and hold that the vagueness theory affords no basis to upset the convictions, we vacate the opinion of the court of appeals and remand to that court to consider the other issues raised on appeal.

FELDMAN, C.J., MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

---

6. *But see Securities and Exchange Commission v. R.G. Reynolds Enterprises, Inc.*, 952 F.2d 1125 (9th Cir.1991).