851 P.2d 105

**STATE of Arizona, Appellee,**

v.

**Alan Frank ELMORE, Appellant.**

**No. 1 CA–CR 90–1732.**

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 18, 1992.

Redesignated as Opinion Oct. 22, 1992.

Review Denied May 18, 1993.

Grant Woods, Atty. Gen., by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Feder Law Office, P.A. by Bruce Feder, Phoenix, for appellant.

## OPINION

McGREGOR, Presiding Judge.

In 1986, appellant pled guilty to two drug-related offenses, both class 2 felonies. The trial court suspended the imposition of sentence and placed appellant on probation for five years. The trial court imposed the

standard conditions of probation, which included term 3, as amended:

> [T]he defendant shall ... [p]articipate and cooperate in and successfully complete any program of assistance, counseling or therapy, whether out-patient or residential, as directed by the probation officer.

In 1990, appellant's probation officer filed a petition to revoke appellant's probation, alleging, *inter alia,* appellant had failed to report a change of address to his probation officer. Appellant admitted the violation. The trial court reinstated appellant's probation for the original five-year period with additional special conditions of probation, which included term 19:

> [T]he defendant shall ... [p]articipate in and successfully complete a substance abuse counseling program at the discretion of the supervising probation officer.

Appellant requested that he be allowed to attend Sunburst Treatment Center (Sunburst), a 30–day residential substance abuse facility. Appellant's probation officer approved and appellant entered the program. Approximately two weeks after appellant began treatment, Sunburst discharged appellant from the program. Appellant's probation officer subsequently petitioned to revoke appellant's probation, alleging, *inter alia,* that he had violated terms 3 and 19 of his probation.

After a probation violation hearing, the trial court determined appellant violated his probation, revoked appellant's probation, and sentenced him to two concurrent seven-year terms of incarceration. Appellant timely appeals from the probation revocation and disposition. Appellant raises four issues on appeal.

First, appellant contends the admission of evidence concerning his treatment at Sunburst violates a federal confidentiality statute, 42 U.S.C.A. § 290ee–3.[1] We conclude appellant failed to preserve this issue for appeal.

At the hearing, appellant objected to the evidence solely on the basis of the doctor-patient or psychologist-client privilege. On voir dire, appellant questioned witnesses as to whether they were psychiatrists or psychologists, which is relevant to a privilege objection, not to an objection based on the federal confidentiality statute.[2] Appellant did not refer the trial court to the federal confidentiality statute. In addition, appellant did not offer evidence that Sunburst was regulated or assisted by a federal agency, a requisite for bringing Sunburst within the coverage of the federal confidentiality statute.

Appellant's general privilege objection was not sufficient to preserve an objection based upon the federal confidentiality statute. *See State v. Kelly,* 122 Ariz. 495, 497, 595 P.2d 1040, 1042 (App.1979) ("raising one objection at trial does not preserve another objection on appeal"). Appellant's objection did sufficiently raise the state doctor-patient[3] and psychologist-client[4]

---

1. 42 U.S.C.A. § 290ee–3 provides in relevant part:

   (a) Records of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any drug abuse prevention function conducted, regulated, or directly or indirectly assisted by any department or agency of the United States shall, except as provided in subsection (e), be confidential and be disclosed only for the purposes and under the circumstances expressly authorized under subsection (b) of this section.

2. At oral argument, appellant conceded he was not even aware of the federal confidentiality statute at the time of the revocation hearing and that he based his objection on state privilege statutes.

3. The doctor-patient privilege protects a physician or surgeon from being examined as a witness "as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient," without the patient's consent. A.R.S. § 13–4062.4.

4. The psychologist-client privilege provides in relevant part: "The confidential relations and communication between a client and a psychologist licensed pursuant to this chapter, including temporary licensees, are placed on the same basis as those provided by law between an attorney and client. Unless the client waives the psychologist-client privilege in writing or in court testimony, a psychologist shall not voluntarily or involuntarily divulge information that is received by reason of the confidential nature of the psychologist's practice." A.R.S. § 32–2085.A.

privileges. Neither privilege applies, however, because none of the evidence appellant objected to involved communications between appellant and a doctor or a psychologist. Therefore, the trial court did not abuse its discretion by admitting the evidence.

Second, appellant contends the determination that he violated his probation violates his federal and state due process rights because (1) the probation terms were too vague to give him notice of what constitutes a violation and (2) the trial court improperly allowed a nonparty to enforce arbitrarily the terms of his probation. We disagree with both contentions.

■■■ Probation terms violate due process rights if a person of ordinary intelligence cannot understand what conduct is required or prohibited. *See Matter of the Appeal in Pima County Juvenile Action No. 74802-2,* 162 Ariz. 97, 98, 781 P.2d 74, 75 (App.1989). Appellant contends he was not adequately notified of what conduct was required to complete the treatment successfully. The record contains an abundance of evidence to the contrary.

Appellant's probation officer testified that while appellant was in jail awaiting admission to the program, she visited him and specifically discussed the new conditions of his probation and the importance of his successful completion of the treatment program. The director of Sunburst testified that all new Sunburst clients receive a client packet containing the rules and regulations of the program and specifying the causes of discharge. She also testified that when appellant initially violated Sunburst rules, he was confronted by counselors who told him exactly what he did wrong and exactly what was required to complete the program. Additionally, appellant's counselor testified he twice discussed with appellant the type of active participation needed to complete the program. Finally, a Sunburst supervisor testified that before discharging appellant from

the program, the staff confronted him three times to warn him of violations and inform him of what was required to complete the program. Appellant did not contradict this evidence.

A fair interpretation of the revocation proceedings and trial court's ruling indicates the trial court revoked appellant's probation primarily because he failed to complete the treatment program successfully, not because he failed to participate in the program.[5] We conclude appellant was adequately notified of the conduct required to complete the program successfully. *See State v. Jones,* 163 Ariz. 498, 499, 788 P.2d 1249, 1250 (App.1990) (even if one basis for probation revocation were improper, court of appeals will affirm revocation if record clearly shows trial court would have revoked based on other violations).

■■■ Appellant's contention that the trial court allowed Sunburst personnel arbitrarily to enforce the terms of his probation likewise lacks merit. Appellant alleges he was "forcibly ejected" from Sunburst and that he should not be penalized for an involuntary act. As the state points out, the state, not Sunburst, enforced appellant's probation terms and the trial court, not Sunburst, revoked appellant's probation. Sunburst merely imposed and enforced its standard rules and regulations.

■■■ Third, appellant contends the state presented insufficient evidence that he violated his probation. The state must establish a violation by a preponderance of the evidence. Ariz.R.Crim.P. 27.7.b(3). The trial court found that although the state did not establish appellant failed to participate at all in the Sunburst program, it did establish that appellant failed to complete the program successfully. Our review of the evidence presented at the revocation hearing reveals evidence sufficient to support a finding that Sunburst's dismissal of appellant was reasonable and that appellant failed to complete the program suc-

---

5. In its minute entry, the trial court determined: [T]he court cannot find that defendant violated terms 3 and 19 in part that he failed to participate and complete the Sunburst pro-

gram. However, ... defendant did violate terms 3 and 19 in part that he failed to cooperate and successfully complete the Sunburst program.

cessfully, as required by terms 3 and 19 of his probation.

■ Finally, appellant contends the trial court should not have considered the presentence report and probation violation report in making its disposition because they contained information concerning appellant's prior bad conduct and the subjective and biased opinions of appellant's probation officer. One purpose of those reports is to provide the trial court with information about an offender's character and background for sentencing purposes. *State v. Clabourne*, 142 Ariz. 335, 346, 690 P.2d 54, 65 (1984). Our review of the reports indicates they contain a history of appellant's bad conduct because the probation officer based her sentencing recommendation in part on appellant's propensity to reoffend, a valid sentencing consideration. We therefore conclude the trial court properly considered those reports in making its disposition.

Pursuant to A.R.S. § 13–4035, we searched the record for fundamental error and found none. We affirm the probation revocation and disposition.

LANKFORD and EHRLICH, JJ., concur.