938 P.2d 67

**In the Matter of the APPEAL IN MAR-ICOPA COUNTY JUVENILE AC-TION NO. JV–511237.**

**No. 1 CA–JV 95–0093.**

Court of Appeals of Arizona,
Division 1, Department C.

July 23, 1996.

Richard M. Romley, County Attorney by Barbara Miller, Deputy County Attorney, Mesa, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Susan G. White, Deputy Public Defender, Mesa, for Appellant.

## OPINION

FIDEL, Presiding Judge.

We hold in this decision that the juvenile court may not order human immuno-deficiency virus ("HIV") testing of a juvenile sex offender as a condition of probation ex-

cept upon the request of the victim, or the victim's parent or guardian. We further hold that a probationary term ordering a juvenile not to "patronize any place where [sexually stimulating or sexually-oriented material or entertainment] is available" is unconstitutionally vague.

## I. BACKGROUND

The juvenile was adjudicated delinquent after entering an admission before the court that he had rubbed the penis of his five-year-old brother while they watched an x-rated video. The juvenile was fourteen years old at the time of his offense. At the disposition hearing, the juvenile court imposed the standard terms of probation as well as an "Addendum to Terms and Conditions of Probation." The juvenile argues that the court improperly imposed the following terms:

8. [You shall] [s]ubmit to a blood test for the presence of the human immunodeficiency virus pursuant to A.R.S. § 8–241N.

9. You shall not possess any sexually stimulating or sexually oriented material as deemed inappropriate by treatment staff, nor patronize any place where such material or entertainment is available.

10. You shall be responsible for your appearance at all times. This includes the wearing of undergarments and clothing in places where another person may be expected to view you.

11. You shall not hitchhike or pick up hitchhikers.

. . . .

1. A.R.S. § 8–241(N) provides:

On the request of a victim of a delinquent act that may have involved significant exposure as defined in § 13–1415 or that if committed by an adult would be a sexual offense, the prosecuting attorney shall petition the adjudicating court to require that the delinquent child be tested for the presence of the human immunodeficiency virus. If the victim is a child the prosecuting attorney shall file this petition at the request of the victim's parent or guardian. If the act committed against a victim is an act that if committed by an adult would be a sexual offense or the court determines that sufficient evidence exists to indicate that significant exposure occurred, it shall order the department of juvenile corrections or the de-

13. You shall not operate a motor vehicle alone without specific written permission of the probation officer or unless accompanied by an adult approved in writing by the probation officer.

## II. POTENTIAL EXPOSURE TO HIV

In Arizona Revised Statutes Annotated ("A.R.S.") § 8–241(N), the legislature authorized the juvenile court to order HIV testing of a juvenile sex offender upon the victim's request.[1] The juvenile argues that this statute is unconstitutional because it violates the Fourth Amendment's protection against unreasonable searches and seizures. We substantially resolved that question in *State v. Superior Court (JV–511263)*, 187 Ariz. 411, 930 P.2d 488 (Ariz.App. 1996). There we held that A.R.S. § 8–241(N) does not violate the Fourth Amendment prohibition against unreasonable searches and seizures when the juvenile's conduct could have possibly resulted in the transmission of HIV.[2]

In *JV–511263*, we left open the question whether the statute constitutionally may be applied when the juvenile's acts could not have exposed the victim to HIV. *See id.*, 187 Ariz. at 418, 930 P.2d at 495. Counsel for the juvenile asserts that issue in this case. The juvenile was found delinquent upon his admission to the juvenile court that he had rubbed his brother's penis; counsel argues that "the victim was not exposed to any bodily fluids whatsoever." In consulting the juvenile record, however, we find that the juvenile made a broader admission to the juvenile probation officer than he provided

partment of health services to test the child pursuant to § 13–1415. Notwithstanding any law to the contrary, the department of juvenile corrections and the department of health services shall release the test results only to the victim, the delinquent child, the delinquent child's parent or guardian and a minor victim's parent or guardian and shall counsel them regarding the meaning and health implications of the results.

2. We also held in *JV–511263* that A.R.S. § 8–241(N) can be reconciled with A.R.S. § 36–665, which limits disclosure of "Confidential Communicable Disease Related Information." *See id.*, 187 Ariz. at 418, 930 P.2d at 495. Accordingly, we reject, without separately addressing, the juvenile's contrary claim in the present case.

by way of factual basis in open court, including acts that may have exposed the victim to his bodily fluids.

■ The juvenile court was entitled to consider the juvenile's admissions to his probation officer in disposing of the juvenile's offense. *State v. Jones*, 147 Ariz. 353, 355, 710 P.2d 463, 465 (1985) (sentencing court may consider substantiated "information" that is part of the record). Upon review of the extended record, we do not find the issue of unconstitutionally overbroad application framed for decision here.[3]

### III. "ON THE REQUEST OF THE VICTIM"

The juvenile next argues that HIV testing should not have been imposed because neither the victim nor the victim's parent or guardian requested testing. We agree. We base this holding on statutory, not constitutional, grounds.

A.R.S. § 8–241(N) provides in part:

*On the request of the victim* of a delinquent act that may have involved significant exposure ... or that if committed by an adult would be a sexual offense, *the prosecuting attorney shall petition the adjudicating court* to require that the delinquent child be tested for the presence of the human immunodeficiency virus. If the victim is a child the prosecuting attorney shall file this petition *at the request of the victim's parent or guardian.*

(Emphasis added.)

"The cardinal principle of statutory interpretation is that we must follow the plain and natural meaning of the statute to determine what the legislature intended." *Ring v. Taylor*, 141 Ariz. 56, 70, 685 P.2d 121, 135 (App. 1984). The language of A.R.S. § 8–241 is clear. The statute authorizes testing only "on the request of the victim"; it neither requires all juvenile sexual offenders to be tested nor authorizes the court or prosecutor to initiate HIV testing on its own.

The State argues that HIV testing of the juvenile could provide potentially rehabilitative information for the juvenile's family. But the victim's mother, who is also the juvenile's mother, did not request such information. Nor did the juvenile court find reason to appoint a guardian ad litem for the victim. The purpose of A.R.S. § 8–241(N) is to enable victims (or parents or guardians) who so wish to obtain information that may affect the victim's health and welfare. The purpose is not to equip the juvenile court on its own motion to obtain information for the benefit of juvenile probationary authorities or the juvenile offender and his family. Had the legislature wished to accomplish these broader purposes, it could have enacted a statute broader in scope.[4]

The State argues that A.R.S. § 8–241(N) should not be read to limit the court's power to order HIV testing on its own motion as an appropriate probationary term. This argument, however, overlooks that A.R.S. § 8–241(N) is not the only statute that governs the courts' ability to impose such tests. A.R.S. § 36–663, prohibits involuntary HIV testing unless "specifically authorized or required by this state or by federal law."[5] As we have indicated, neither A.R.S. § 8–241(N) nor any other statute "specifically authorize[s]" HIV testing as a court-initiated pro-

---

3. If in the future the juvenile court relies upon the extended record, rather than upon adjudicated facts or the factual basis for an admission, to establish that the juvenile's conduct potentially exposed the victim to the juvenile's bodily fluids and to the possible transmission of HIV, the juvenile court may assist this court's review and avoid constitutional uncertainty by making a specific finding to that effect.

4. Compare Revised Code of Washington § 70.24.340, which provides:

Local health departments authorized under this chapter shall conduct or cause to be con-

ducted pretest counseling, HIV testing, and posttest counseling of all persons ... [c]onvicted of a sexual offense under chapter 9A.44 RCW.

See also A.R.S. § 8–244, which requires a medical examination of any child committed to the department of juvenile corrections, including testing for "contagious or infectious disease."

5. See discussion of interrelationship of A.R.S. §§ 8–241(N) and 36–663 in *JV–511263*, 187 Ariz. at 418, 930 P.2d at 495.

bationary term.[6]  Unless the requirements of A.R.S. § 8–241(N) are met, involuntary HIV testing is not specifically authorized by state law.

## IV.  "NOR PATRONIZE ANY PLACE"

The juvenile next challenges, as unconstitutionally vague and overbroad, that portion of probationary term 9 in which the court ordered that he not "patronize any place where [sexually stimulating or sexually-oriented material] or entertainment is available."[7]  This directive, according to the juvenile, blurs his ability to patronize such establishments as "food stores, drug stores, convenience stores, department stores, and other[s]" where such materials might be found.  Because we agree that the court's directive is impermissibly vague, we do not reach the juvenile's argument that it is also impermissibly overbroad.

A probationary term "must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties." *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926), *quoted in State v. McNair*, 141 Ariz. 475, 483, 687 P.2d 1230, 1238 (1984).  "[I]f a person of ordinary intelligence cannot understand what conduct is required or prohibited," a probationary term is void for vagueness. *State v. Elmore*, 174 Ariz. 480, 483, 851 P.2d 105, 108 (App.1992).

We interpret term 9 as the juvenile does.  The juvenile violates term 9 if he patronizes *any* establishment that makes available sexually explicit materials such as magazines or films.  This would include many convenience stores, movie rental establishments, and multiplex movie theaters.  Any bookstore that includes "Playboy" on its magazine rack, any movie rental establishment—even a "Safeway" that rents R-rated films with sexual content—falls within the broad language of the court's proscription.

The State discounts this concern, arguing that, because the juvenile is a minor, "[t]he stores he claims he would not be allowed to frequent do not have such materials 'available'" within the meaning of term 9.  But, because the defendant is a juvenile, neither would a more explicitly sexually-oriented establishment make its sexual materials "available" if the State's argument were correct.

Further, the State's restrictive interpretation is not one readily accessible to a "person of ordinary intelligence." *Id.*  Nor is it supported by the plain meaning of the language that the court employed.  When a probationer "cannot understand what conduct is required or prohibited," a probationary term is unconstitutionally vague. *Id.*  Term 9 is void for vagueness.

## V.  OTHER ISSUES

■  The juvenile also objects on vagueness grounds to probationary term 10, which requires him to wear "undergarments and clothing in places where another person may be expected to view [him]."  We find no infirmity.  Contrary to the argument of the juvenile, this provision, sensibly interpreted, does not prohibit him from wearing a swimsuit at a pool.  It merely requires him to be properly clothed in the presence of others.  It is not unconstitutionally vague.

■  The juvenile also argues that terms 10, 11, and 13 are not reasonably related to the purpose of probation. *See In re Pima County Juvenile Action No. J–20705–3*, 133 Ariz. 296, 298, 650 P.2d 1278, 1280 (App.1982) (a term of probation must be reasonably related to the purpose of probation).  We disagree.  Term 10 is intended to prevent future molestation attempts; a juvenile who has pled guilty to attempted sexual molestation may be required to be appropriately clothed in the presence of others.  Terms 11 and 13, which limit the juvenile's ability to hitchhike and drive a motor vehicle, narrow

---

**6.**  A.R.S. § 8–241(A)(2)(b) allows the juvenile court to award the juvenile "[t]o a probation department, subject to such conditions as the court may impose."  Although the statute gives general authority to the juvenile court, it does not "specifically authorize" HIV testing.

**7.**  The juvenile does not challenge that portion of term 9 that forbids "possess[ing] any sexually stimulating or sexually-oriented material as deemed inappropriate by treatment staff."

the geographical area within which he may travel, making him more easily supervised.

## VI. CONCLUSION

For the foregoing reasons, we vacate the juvenile court's order that the juvenile undergo HIV testing as a condition of probation. Unless such testing is requested by a parent or guardian of the victim upon remand, or unless the juvenile wishes voluntarily to undergo such testing, that term cannot be reinstated. We also find probationary term 9 unconstitutionally vague, but find no infirmity in the remaining terms. We remand to permit the juvenile court, if it chooses, to reimpose term 9 more narrowly drawn.

LANKFORD and SULT, JJ., concurring.