NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARK SETTLE, *Appellant.*

No. 1 CA-CR 15-0714
FILED 6-23-2016

Appeal from the Superior Court in Maricopa County
No. CR 1991-090890
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

Mark Settle, Phoenix
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

---

D O W N I E, Judge:

¶1 Mark Dawson Settle appeals the superior court's determination that he violated the terms of his probation and the resulting disposition. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel searched the record, found no arguable question of law, and asked us to review the record for reversible error. *See State v. Richardson*, 175 Ariz. 336, 339 (App. 1993). Settle filed a supplemental brief *in propria persona* that we have considered. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Pursuant to a 1992 plea agreement, Settle pled guilty to: (1) child molestation, a class 2 felony and dangerous crime against children; and (2) attempted sexual conduct with a minor, a class 3 felony and dangerous crime against children. He was sentenced to 12 years' imprisonment for child molestation and placed on lifetime probation for the attempted sexual conduct with a minor offense. Upon his release from prison, Settle's terms of probation required him to comply with conditions prescribed by the Maricopa County Adult Probation Department ("APD"), including a Sex Offender Behavior Agreement ("Agreement").

¶3 APD filed its first probation revocation petition in 2012. After Settle admitted one of the alleged violations, the court continued him on probation. In 2014, Settle filed a *pro se* petition to modify his probation terms, arguing, among other things, that he had "an admirable record of absolutely no reports of community concern, and but in 9 years, a <u>single</u> incident in June 2012 of adult felon association." The superior court denied the motion, ruling that the APD "has responded reasonably to concerning behaviors by the Defendant." Settle thereafter sought a discharge from lifetime probation or, alternatively, removal of his sex offender terms. APD responded in opposition, expressing concerns about recent behaviors by Settle. The superior court denied Settle's requests.

¶4            In August 2015, the APD filed a probation revocation petition alleging several violations, including: (1) unsuccessful discharge from a sex offender treatment program because Settle "did not internalize treatment material and was not receptive to feedback[;]" (2) possession of children's movies; and (3) possession of a smart phone with internet access. At the ensuing probation violation hearing, evidence was presented that APD officers found 33 children's videos in an entertainment center in Settle's living room. Settle testified that although he knew his roommate kept the videos there and had "free access" to them, he never viewed the movies. Settle's roommate confirmed that the videos belonged to him, though Settle "could have access to them if he wanted to." The roommate never observed Settle viewing the movies.

¶5            The superior court found that Settle violated Condition 9 of the Agreement, which required him to obtain APD approval "before possessing children's clothing, toys, games, videos, etc."[1]    The court reinstated Settle on lifetime probation, ordered him to spend four months in jail, and increased his level of supervision to intensive probation.

¶6            Settle timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶7            We have reviewed the entire record but found no reversible error. Settle was present and represented by counsel at all critical phases of the proceedings, which were conducted in compliance with the Rules of Criminal Procedure. The superior court's findings were supported by the record, and the disposition ordered was within the statutory range. *See* A.R.S. §§ 13-901(F), (G) (court may require up to one year in jail as a condition of probation); -902(E) (court may order lifetime probation for sex offenders); -914(A)(2), (C) (court may order intensive probation for technical violations); *see also* Ariz. R. Crim. P. 27.8(c)(2) (court may revoke, modify, or continue probation upon finding a violation has occurred).

¶8            The State is required to prove a probation violation by a preponderance of the evidence. *See* Ariz. R. Crim. P. 27.8(b)(3). It was undisputed that the children's videos were present in Settle's home and that

---

[1]      The court found that the State failed to prove the allegation relating to the smart phone. The State did not pursue the alleged discharge from sex offender treatment.

he had unrestricted access to them. Based on the evidence presented, the superior court could also conclude that Settle knew about the videos. Viewing the evidence in the light most favorable to affirming, *see State v. Tatlow*, 231 Ariz. 34, 39–40, ¶ 15 (App. 2012), a reasonable trier of fact could conclude that Settle violated Condition 9. *See State v. Moore*, 125 Ariz. 305, 306 (1980) (We uphold the disposition "unless it is arbitrary or unsupported by any theory of evidence.").

¶9　　　　Settle suggests Condition 9 is unconstitutionally vague because "common movies, cannot be deemed (children[']s) merely because a child (may) find them of interest too." Whether a probation term is unconstitutionally vague is a question we review *de novo*. *See State v. McGill*, 213 Ariz. 147, 159, ¶ 53 (2006). The relevant inquiry is whether an ordinary person would be able to understand what the probation term requires or prohibits. *See State v. Elmore*, 174 Ariz. 480, 483 (App. 1992) ("Probation terms violate due process rights if a person of ordinary intelligence cannot understand what conduct is required or prohibited."). At issue were Disney films, which an ordinary person would consider children's videos, notwithstanding their potential appeal to adults as well. An ordinary person reading Condition 9 would understand that the Disney videos fell squarely within its prohibitions. Moreover, an APD officer discussed the Agreement with Settle — including Condition 9 — on multiple occasions. Each time, Settle signed the Agreement — affirming that he understood the terms of probation, as well as the fact he should consult his probation officer if he was unclear about anything. Settle also had the ability to seek clarification from the superior court. *See* Ariz. R. Crim. P. 27.3 (probationer may ask court to modify or clarify any condition or regulation).

¶10　　　　Finally, Settle contends the APD sought to revoke his probation for retaliatory reasons and generally acted out of malice. The record does not support this contention. Settle made similar claims in numerous filings with the superior court. Each time, the court found them to be without merit, and credited APD's explanation that it "recognized Settle's behaviors as potentially placing him back into an Offense Cycle and implemented certain restrictions in line with both treatment and probation objectives." A reasonable trier of fact could reach this conclusion.[2]

---

[2]　　The presentence investigation report presented in connection with the 1992 sentencing includes a statement by Settle that he is unable "to control himself" and "has to be very careful about controlling his

**CONCLUSION**[3]

**¶11** We affirm the orders of the superior court. Defense counsel's representation obligations in this appeal have ended. Counsel need do nothing more than inform Settle of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this Court's own motion, and if he so desires, Settle may proceed with an *in propria persona* motion for reconsideration or petition for review within 30 days of this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA

---

environment in order to prevent further molestations from occurring." After his release from prison, Settle was released to the Sexually Violent Predator Program at the Arizona State Hospital. At the time of the 2015 revocation proceedings, he was classified as a Level 3 sex offender — the "highest risk" category.

[3] Settle also argues his placement on intensive probation was not supported by evidence and was excessive. But because the court properly found a probation violation, it had the discretion to order intensive probation. *See State v. Woodruff*, 196 Ariz. 359, 360, ¶ 8 (App. 2000) (generally, anyone eligible for standard probation is also eligible for intensive probation); *see also State v. Perkins*, 159 Ariz. 381, 383 (App. 1988) ("[I]ntensive probation is a statutory option within the discretion of the trial court in imposing probation.").