BEENE, Judge, specially concurring:
¶ 18 Although I concur with the court's opinion because it is in accordance with Arizona Supreme Court precedent in our transaction privilege tax case law, I write separately to express my concern that a case such as this seems to confound the established principles of proper statutory construction.
¶ 19 A statute's language "is the best and most reliable index of its meaning, and where language is clear and unequivocal it is determinative of its construction." Ariz. Sec. Ctr., Inc. v. State , 142 Ariz. 242, 244, 689 P.2d 185, 187 (App. 1984) ; see also Deatherage v. Deatherage , 140 Ariz. 317, 320, 681 P.2d 469, 472 (App. 1984) ("The legislature is presumed to express its meaning as clearly as possible and therefore words used in a statute are to be accorded their obvious and natural meaning."). Moreover, we may not "inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions," City of Phoenix v. Donofrio , 99 Ariz. 130, 133, 407 P.2d 91 (1965), and we "cannot read into a statute something which is not within the manifest intention of the legislature as gathered from the statute itself," State ex rel. Morrison v. Anway , 87 Ariz. 206, 209, 349 P.2d 774 (1960).
¶ 20 In this case, instead of engaging in an analysis of the clear and unambiguous language contained in A.R.S. § 42-5061(B)(2) to determine whether Empire's truck was "used directly in the process of extracting ores or minerals from the earth," we are obligated to apply the "integrated rule" test promulgated by our supreme court in State ex rel. Ariz. Dep't of Revenue v. Capitol Castings, Inc. , 207 Ariz. 445, 88 P.3d 159 (2004). The "integrated rule" test sets forth a number of judicially-created factors to be analyzed in order to determine whether machinery or equipment is "directly used" in metallurgical operations that are exempt from the transaction privilege tax. Id. at 450-51, ¶¶ 24-25, 88 P.3d 159. None of the "integrated rule" factors enunciated in Capitol Castings are found within the plain text of § 42-5061(B)(2). And although the supreme court's ruling in Capitol Castings seems to run afoul of its own precedent regarding the prohibition of expanding and stretching a statute to areas not within its expressed provisions, "we are constrained by the decisions of our supreme court and are not permitted to overrule, modify, or disregard them." State v. Sullivan , 205 Ariz. 285, 288, ¶ 15, 69 P.3d 1006, 1009 (App. 2003) (internal quotations omitted).
¶ 21 I am of the opinion, however, that if we were to apply the "primary rule" of statutory construction and give the words in § 42-5061(B)(2) their ordinary meaning-and interpret that meaning strictly against the taxpayer as we are required to do for tax exemptions-the Department would prevail. See Ariz. Dep't of Revenue v. Raby , 204 Ariz. 509, 511-12, ¶ 16, 65 P.3d 458, 460-61 (App. 2003) ("noting that tax deductions, subtractions, exemptions, and credits are to be strictly construed."). Given the ordinary meaning of the statute's text, the fuel truck used to fuel other machinery is not used directly in the process of extracting ores or minerals from the earth and, thus, would not be exempt from transaction privilege tax. But Capitol Castings precludes that result. Therefore, I reluctantly agree with our holding that after application of the integrated rule test, the superior court did not err in granting summary judgment for Empire, finding that its fuel truck was exempt from the transaction privilege tax.